IMPERIAL FIRE INSURANCE CO.

*v.*

ISAAC H. SHIMER, Admr.

*Filed at Springfield June 12, 1880—Rehearing denied January Term, 1881.*

1. PRACTICE—*waiving replication by going to trial.* In a proceeding by garnishment, where the supposed debtor answers denying an indebtedness, whether a replication be necessary or not, if the parties make no objection in that regard, but treat the issue as properly made and proceed with the trial to verdict, it can not afterward be objected that there was no replication.

2. SAME—*limiting effect of testimony.* Although testimony introduced upon the trial of a cause may be competent for some purposes but not for others, it is not the duty of the court, unless requested so to do, to direct the jury as to the particular purpose for which the evidence is competent, and it is no ground of objection that such direction was omitted, unless it appears the court was requested so to limit the application of the testimony and refused.

3. EVIDENCE—*in proceeding by garnishment.* Where an insurance company is summoned to answer as a garnishee, on the allegation that the company is liable to the judgment debtor upon a policy of insurance, and the company denies such liability, on a trial of this issue it is competent for the garnisheeing creditor to give in evidence the affidavits made in proof of loss, as tending to show a compliance with the provisions of the policy by the assured.

4. INSURANCE—*use of property variant from statement in application.* The fact that property insured was being used at the time of the loss in a manner

and for a purpose variant from that stated by the assured in his application for the policy, will not constitute a bar to an action on the policy, if the agent of the company when receiving the application and granting the policy, had full knowledge of the manner and purposes for which the property was then being used, and there was no change in that respect in the mode or purposes of the use.

APPEAL from the Circuit Court of Montgomery county; the Hon. H. M. VANDEVEER, Judge, presiding.

Mr. J. M. TRUITT, for the appellant:

The application represented the property as used for the manufacture of "wagons, carriages and harrows," thereby, in effect, representing that it was used for no other purposes. Spokes were manufactured in the building, thereby greatly increasing the hazard from 40 to 100 per cent. It is contended that Blackwelder was the defendant's agent and had notice of such use.

But, even if notice was given to Blackwelder, and if he was appellant's agent, that was not sufficient to bind the appellant, as, by the terms of the policy, such agreement should have been endorsed on the policy. Notice to and knowledge on the part of the agent is not a compliance with the condition requiring endorsement on the policy. *Worcester Bank* v. *Hartford Fire Insurance Co.* 1 Cush. 265; *Tate* v. *Citizens' Mutual Fire Insurance Co.* 13 Gray, 79; *Mellen* v. *Hamilton Fire Insurance Co.* 5 Duer (N. Y.), 101,—affirmed in 17 N. Y. 509; *Carpenter* v. *The Providence Washington Insurance Co.* 16 Peters, 495; *Battaile* v. *Merchants' Insurance Co.* 3 Robinson, 384; *Forbes* v. *Agawam Mut. Insurance Co.* 9 Cush. 470; *Conway Tool* v. *Hudson River Ins. Co.* 12 Cush. 144; *Burt* v. *People's Mutual Ins. Co.* 2 Gray, 397; *Kimball* v. *Howard Fire Ins. Co.* 8 id. 33; *Deitz* v. *Mound City Mutual Fire and Life Ins. Co.* 38 Mo. 85; *Smith* v. *The Insurance Co.* 24 Pa. St. 320.

Mr. JESSE J. PHILLIPS, and Mr. EDWARD LANE, for the appellee:

The evidence shows that the same agent wrote the applica-

tions for all the companies, and that he knew the property and its uses; that he was in the building frequently before the insurance, and that there was no change in the uses of the property after the insurance and before the fire. Notice of the uses of the property to the agent was notice to the company. *Rockford Ins. Co.* v. *Nelson*, 65 Ill. 421; *Andes Ins. Co.* v. *Fish.* 71 id. 621; *Reaper City Ins. Co.* v. *Jones*, 62 id. 459.     ●

The company is bound by the act of its agent. *Eclectic Life Ins. Co.* v. *Fahrenkrug*, 68 Ill. 463; *Ætna Ins. Co.* v. *Maguire*, 51 id. 343; *F. & M. Ins. Co.* v. *Chestnut*, 50 id. 119; *N. E. Fire Ins*. *Co.* v. *Schettler*, 38 id. 167.

In this case there was an adjustment made, and this relieves from proving loss. *I. M. Fire Ins. Co.* v. *Archdeacon*, 82 Ill. 239; *F. & M. Ins. Co.* v. *Chestnut*, 50 id. 113.

When proof of loss is first made the company must then object to it, and if it does not, it can not afterwards make any formal objections. *Lycoming Fire Ins. Co.* v. *Dunmore*, 75 Ill. 15; *Ins. Co. of N. America* v. *Hope*, 58 id. 75; *Hartford Ins. Co.* v. *Walsh*, 54 id. 165; *Herron* v. *Peoria Fire Ins. Co.* 28 id. 235; *Great Western Ins. Co.* v. *Staaden*, 26 id. 360.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

We find nothing in this record requiring the reversal of the judgment. An elaborate argument is made to show that the verdict is against the weight of the evidence. The proofs are very voluminous, but we have read them carefully and think the same sufficient to sustain the verdict.

Appellant was brought into court by proceedings of garnishment by creditors of Gunning, on the allegation that the company was liable to Gunning upon a policy of insurance. Appellant answered denying the liability. A jury trial was had on the issue thus formed. It is contended that all these proceedings at the trial should be disregarded and set aside, because no replication to the answer was filed.

Whether such a replication be necessary or not to make a case for a jury, we need not decide. Both parties treated the issue as properly made, and proceeded with the trial to verdict without objection on this ground. Appellant after that surely can not be allowed to object on that ground.

It is next objected that it was error to allow the affidavits made in proof of loss to go in evidence to the jury. We have heretofore decided this proof proper, as tending to show a compliance with the provisions of the policy by the assured. It is said, however, that the jury should have been told that this evidence was competent for that purpose only. Appellant can not complain that this was not done, unless he shows by the record that the court was called upon to thus advise the jury and refused so to do. This does not appear.

As to the objections urged against the instructions given to the jury at the instance of plaintiff, we find in them no good reason for reversing the judgment. The latter clause of the first is not very perspicuous, but the meaning is plain, and the jury could not fail to understand that the fact that the property in question was used at the time of the fire in a manner and for a purpose variant from that stated by the insured in the application for the policy, would be no bar to the action, if the agent of the company, when receiving the application and granting the policy, had full knowledge of the manner and purposes for which the property was then used, and there had been no change in that respect in the mode and purposes of the use. The property was represented as to be used in the manufacture of wagons. The objection was that before and at the time of the fire it was being used not only for the manufacture of wagons, but for the manufacture of spokes not used in these wagons, but for the market, and the instruction is that this variance from the statement would not bar the action, if the agent was not deceived or misled, and had full knowledge of the character of the work going on, and no change had been made. This, we think, was right.

Counsel for appellant has, in his argument, criticised in detail many of the instructions. We deem it unnecessary to follow him throughout the discussion, but simply say we have examined all of them and have considered the suggestions of counsel, and find no good reason for disturbing the judgment of the court below.

*Judgment affirmed.*