THE UNITED STATES LIFE INSURANCE COMPANY

v.

ELIZABETH KIELGAST, ADMINISTRATRIX.

*Life Insurance—Action on Policy by Administratrix—Coroner's Inquest
—Verdict and Evidence—Admissibility of Admissions—Witness—Impeach-
ment.*

1. In an action by an administratrix against an insurance company to
recover the amount of an insurance policy on the life of the plaintiff's intes-
tate, a certified copy of the verdict and evidence at the Coroner's inquest is
inadmissible.

2. Admissions made by the plaintiff while acting in her own right are
incompetent against her as administratrix.

3. The delivery to an insurance company of a copy of the verdict and evi-
dence at the Coroner's inquest as part of the preliminary proofs of death, to
comply with a condition of the policy, is merely an admission that an inquest
was held and that the paper delivered is a copy of the verdict and evidence
appearing of record. It is not an admission that such verdict is true, that
the evidence was given, or that the witnesses stated the facts correctly.

4. Where a party has called and examined the adverse party as his own
witness, he is precluded from introducing evidence for the mere purpose
of impeachment.

[Opinion filed April 11, 1888.]

APPEAL from the Superior Court of Cook County; the
Hon. KIRK HAWES, Judge, presiding.

Messrs. ISHAM, LINCOLN & BEALE, for appellant.

The certified copy of the record of the Coroner's inquest,
consisting of the inquisition itself, or return of the Coroner
and jury, and the depositions of the witnesses, was a part of
the proofs of death. This set of papers does not appear to
have been either demanded or requested by appellant, but it
was furnished by the counsel of appellee voluntarily, because
his attention was called in a casual way to the fact that it had
not been furnished, and because the suggestion was made to

him that it ought to be furnished. Counsel for appellee then caused these papers to be handed to appellant's agent. They were thus presented to appellant as a basis for its action. There was no qualification of any kind connected with their presentation. Appellant had a right to rely upon them. It was expected to act upon them. They thus became admissible in evidence as admissions on the part of Mrs. Kielgast. Her own deposition, thus voluntarily furnished to appellant, was particularly an unqualified admission of the facts therein stated. When this set of papers was first offered, and when it was offered for the second time, Mrs. Kielgast had not been examined as a witness in the case.

In every case the proofs presented by or on behalf of the plaintiff operate at the trial as admissions against him. Bliss on Life Insurance, 2d Ed., Sec. 265; New York Central Insurance Company v. Watson, 23 Mich. 486.

The certified copy of the verdict of the Coroner's jury was admissible in evidence as a part of these proofs; whether its effect as evidence might subsequently have been limited, or could properly have been limited, by the court, is another matter. The paper itself was admissible in evidence. Insurance Company v. Newton, 22 Wall. 32; Newton v. Mutual Benefit Insurance Company, 2 Dillon, 154; Insurance Company v. Higinbotham, 95 U. S. 380; Lawrence v. Mutual Life Insurance Company, 5 Ill. App. 280; Mutual Life Insurance Company v. Lawrence, 8 Ill. App. 488.

The copy of the deposition of Mrs. Kielgast ought to have been admitted, and its statements might properly have been held to be conclusive proof as against her of the facts therein stated. Illinois Central Railroad Company v. Cobb, Christy & Co., 64 Ill. 143; Stone v. Cook, 79 Ill. 424; Walther v. Mutual Life Insurance Company of New York, 65 Cal. 417.

Inquisitions generally are admissible in evidence as a species of judicial records somewhat analogous to judgments *in rem.* They differ from judgments *in rem* in not being conclusive, since such judgments are, until set aside in a proper legal proceeding, binding against all the world. Inquisitions of a Coroner stand upon an equal footing with others, in respect of

their admissibility in evidence.   Starkie's Ev., 10th Am. Ed., *pp. 404 and 405; 2 Phillips' Ev., 5th Ed., *pp. 262 and 268; 2 Taylor's Ev., 6th Ed., Sec. 1487; 1 Greenleaf's Ev., Sec. 556.

Mr. George F. Westover, for appellee.

Bailey, J.   This was an action of assumpsit, brought by Elizabeth Kielgast, administratrix of the estate of Otto Wilhelm Kielgast, deceased, against the United States Life Insurance Company in the City of New York, to recover the amount of a policy of insurance on the life of the plaintiff's intestate.   The policy was dated July 22, 1884, and contained, among other things, a condition that if within three years of said date the insured should die by self-destruction, whether voluntary or involuntary, whether sane or insane, the contract of insurance should become null and void.   The insured died on the 17th day of January, 1885.   The defendant pleaded the general issue, and also a special plea alleging that the insured died by self-destruction, and replications being filed, a trial was had, resulting in a verdict finding the issues for the plaintiff and assessing her damages at $5,597.50, that being the amount of the policy and interest, and for that sum and costs the plaintiff had judgment.

The only ground urged by the defendant's counsel for a reversal of the judgment, is the refusal of the court to admit in evidence a certified copy of the verdict and evidence at the Coroner's inquest, furnished to the defendant by the plaintiff as a part of the proofs of the death of the insured.   By the terms of the policy, the insurance money was payable within sixty days after satisfactory proofs, under oath and upon the company's blanks, of the death of the insured should be furnished to the company at its office in the City of New York. It appears that the plaintiff, after her appointment as administratrix, prepared proofs of the death of her intestate in the form prescribed by the company and upon the company's blanks, said proofs consisting of a certified copy of her letters of administration, a certificate of the family physician, a statement by the clergyman who officiated at the funeral, a statement of the undertaker who had charge of the burial,

and a sworn statement by the plaintiff, such statement consisting of answers to various interrogatories contained in the printed blank furnished by the company. In the statement thus sworn to by the plaintiff all the interrogatories were answered except the following, which was left blank, viz.: "If inquest was held, furnish certified copy of verdict and evidence." The proofs thus prepared were delivered by the plaintiff to the company's agent at Chicago, May 28, 1885, and nothing was said by said agent at the time as to their sufficiency, except to suggest that the blank implied that other papers were to be furnished. A few days later said agent called on the plaintiff's attorney in relation to another matter, and while there spoke about said proofs and said that they were incomplete without a copy of the proceedings at the Coroner's inquest; that such copy would be required; and thereupon, on the 18th day of June, 1885, the plaintiff caused to be delivered to said agent a certified copy of said verdict and evidence.

The verdict of the Coroner's jury, as shown by said copy, was, in substance, that the deceased came to his death by a pistol shot fired by his own hand while laboring under a fit of temporary insanity. Among the witnesses who testified at the Coroner's inquest, as shown by the same document was the plaintiff. Her evidence was, in substance, that the deceased was her husband; that on the evening of his death she heard a shot fired in his room; that she sent a servant for a policeman, and when he came, they went up stairs and found the insured dead; that every day for a week previous to his death he had said that he would kill himself, and that on the evening of his death, when he came home he kissed his little boy and said: "Charlie, this is the last kiss you will ever give your father;" that for that week he had been drinking more than usual.

The plaintiff, at the trial, in making out her case, proved the delivery of said proofs to the defendant's agent, but did not offer said proofs in evidence. The defendant thereupon, after the plaintiff had rested, produced said proofs and offered the same in evidence, without any statement as to the

specific purpose for which they were offered. The court admitted the proofs originally furnished, but excluded the certified copy of the proceedings before the Coroner. Said copy was then again offered as a part of the proofs of death furnished by the plaintiff to the defendant, but was again excluded. The defendant then called the plaintiff as a witness to prove directly the facts stated in what purported to be her testimony before the Coroner, especially the threats of her husband to kill himself, and his kissing his little boy for the last time, but the plaintiff denied that such were the facts, and also denied that she had so testified at the Coroner's inquest. Other witnesses were then called by the defendant to prove the actual statements made by the plaintiff at the inquest, and their evidence being excluded, the counsel for the defendant again offered in evidence said certified copy of the verdict and evidence before the Coroner. This was excluded, and the defendant's counsel thereupon offered in evidence the original record of the Coroner's inquest, and also offered separately the plaintiff's deposition therein contained, which papers were also excluded by the court.

That the record of the Coroner's inquest and the depositions taken in that proceeding are not competent evidence in this suit, would seem to be settled by the decision of the Supreme Court in P., C. & St. L. Ry. Co. v. McGrath, 115 Ill. 172. Nor is the deposition of the plaintiff taken before the Coroner competent as constituting admissions made by her, for the reason that in this suit she is suing in a representative capacity. It is a familiar rule that admissions made by a party acting in his own right are not competent evidence against him when suing en autre droit. If any other person than the plaintiff had been appointed administrator, no one, we presume, would have claimed that mere admissions by the widow of the deceased would have been competent evidence against the administrator. We see no reason why such admissions should be given any greater force by reason of the fact that the person making them, instead of another, occupies the representative position of administratrix. Nor was it competent for the defendant to give evidence of statements made by the plaintiff out of court

for the purpose of impeaching her testimony given at the trial. The defendant had called and examined her as its own witness, and having done so, it was precluded from introducing evidence for the mere purpose of impeachment.

But it is insisted that a copy of the verdict and evidence before the Coroner having been delivered by the plaintiff to the defendant as a part of the proofs of death, it was thereby given the force of an admission of which the defendant may avail itself in this suit. The rule seems to be well settled that where, in a suit upon a policy of insurance, the proofs of death are offered in evidence by the plaintiff, they are admissible only for the purpose of showing performance by the assured of the conditions of the policy in relation to preliminary proofs. Mutual Life Ins. Co. v. Stibbe, 46 Md. 302; Citizens' Fire Ins. Co. v. Doll, 35 Md. 89; Breckenridge v. American Central Ins. Co., 87 Mo. 62; Newmark v. Liverpool and London Ins. Co., 30 Mo. 160; Knickerbocker Ins. Co. v. Gould, 80 Ill. 388; Imperial Fire Ins. Co. v. Shimer, 96 Ill. 580. But where the proofs are offered in evidence by the defendant, a somewhat different effect should be given to them. Thus, in Mutual Life Ins. Co. v. Stibbe, 46 Md. 302, it is held that where the proofs of death are offered in evidence by the plaintiff they are admissible solely for the purpose of showing compliance with the conditions of the policy; but where they are offered by the defendant, they are admissible as declarations by the plaintiff. So, in Insurance Co. v. Newton, 22 Wall. 32, it is held that the preliminary proofs presented to an insurance company in compliance with the condition of its policy of insurance, are admissible as *prima facie* evidence of the facts stated therein against the insured and on behalf of the company.

Adopting the rule established by the last two cases cited, how are the rights of the parties affected in this case? The interrogatory in the blank furnished to the plaintiff by the defendant on which to make out the proofs of death, required the plaintiff, in case an inquest had been held, to furnish a certified copy of the verdict and evidence. In compliance with this requirement the plaintiff procured and delivered to

the defendant the verdict and evidence in question.   That this document was furnished as a part of the plaintiff's proofs of death is, we think, the fair conclusion to be derived from all the evidence.   The delivery of said paper was doubtless an admission by the plaintiff, but an admission of what?   Merely that a Coroner's inquest had been held, and that the paper delivered was a copy of the verdict and evidence as the same appeared in the record of such inquest.   This was manifestly the entire scope of the admission.   The delivery of the paper imported no admission that the verdict was true, or that said evidence was actually given, or that the witnesses had stated the facts correctly.   It would be carrying the doctrine of admissions to an unwarrantable length to hold that an insurance company, by requiring the insured to embody in his preliminary proofs any document which it sees fit to call for, can hold the insured to an admission, not only of the existence of the document and its terms, but also of the truth of all the statements therein contained.

The admission, then, being merely in relation to the existence and terms of a document which, as we have seen, was immaterial and incompetent as evidence, we are unable to see how the defendant was prejudiced by its exclusion.   Had there been a controversy between the parties as to whether there had been a proper performance of the condition in relation to preliminary proofs, the document in question would undoubtedly have been admissible at the instance of either party, as bearing on that issue.   But there seems to have been no such controversy, and even if there had been, the exclusion of the copy of the Coroner's inquest would not have been an error of which the defendant could complain, as it would have been evidence directly tending to support the plaintiff's rather than the defendant's side of that issue.

We perceive no error in the rulings of the court complained of, and the judgment will therefore be affirmed.

*Judgment affirmed.*