Martha Rakowski and Helen Langowski, Appellees, v. Metropolitan Life Insurance Company, Appellant.

Gen. No. 41,895.

Opinion filed March 18, 1942.

HOYNE, O'CONNOR & RUBINKAM, of Chicago, for appellant; NATHANIEL RUBINKAM and JOHN C. MELANIPHY, both of Chicago, of counsel.

E. C. FRANK MEIER and S. J. KRZEMINSKI, both of Chicago, for appellees.

MR. JUSTICE HEBEL delivered the opinion of the court.

This action was brought by Martha Rakowski as beneficiary under an industrial insurance policy issued by the Metropolitan Life Insurance Company on November 27, 1939 on the life of Wladyslaw Rakowski, her deceased husband, in the sum of $310. The policy also provided that the company would pay an equal sum in the event the insured's death resulted solely through external, violent and accidental means. The plaintiff, Helen Langowski, also sues as beneficiary under a similar policy issued by defendant on December 18, 1939, on the life of the said Wladyslaw Rakowski, her deceased father, in the sum of $186. This policy also provided for the payment of a similar amount if the insured's death resulted solely through external, violent and accidental means.

The defendant filed its defense and an amendment thereto. The plaintiffs filed a reply. Upon the cause coming on for trial, the court sustained plaintiffs' oral motion for summary judgment on the pleadings and, without hearing any testimony, entered a judgment in favor of Martha Rakowski for the sum of $620 and a judgment in favor of Helen Langowski for the sum of $372. From these judgments, the defendant appeals.

It is contended by defendant that it having denied that the death of the insured resulted from bodily injuries caused solely through external, violent and accidental means within the terms of the policies, the burden of proof was on plaintiffs to establish facts sufficient to entitle them to recover double the amount

stated in the policies. Defendant admits that insured died on July 8, 1940, "but denies that the death of the insured resulted from bodily injuries caused solely through external, violent and accidental means within the terms and provisions of said policy." It is urged that an issue is thereby tendered and, before any finding and judgment that death resulted from accidental means, as plaintiff alleges, a preponderance of evidence on plaintiff's behalf would have to be introduced at the trial. Counsel for plaintiff in his argument before the court and on this appeal took the position that because proofs of death had been submitted to the defendant and retained by it, the statements therein contained thereby became binding on the defendant, and that no testimony was necessary to establish the allegations in the statement of claim for recovery of double the amount of the insurance. The trial court followed this suggestion as is evidenced by the ruling and judgments entered. Defendant urges that satisfactory proofs of death within the meaning of a benefit certificate means satisfactory proof that the insured is dead, and a statement as to the cause of death, but that the statements contained in said proofs of death are not binding upon either the company or the beneficiary when the cause of death becomes a disputed question between them. Although the proof was satisfactory as formally establishing the death, the defendant had the right to refuse to pay upon the ground that the insured did not come to his death by accidental means as defined by the policies. Proofs of death are competent to show that plaintiffs complied with the requirements of policies or, by defendant, that plaintiffs did not meet the requirements thereof, but are not conclusive as to either party when the question whether the cause of death was such as to charge defendant with double liability or to relieve it therefrom. (*Knights Templars & Masons Life Indemnity Co. v. Crayton,* 209 Ill. 550.) The purpose of proof of death

is to enable the insurer to form an intelligent estimate of its rights and liabilities under the contract. (5 *Joyce on Insurance,* 2d Ed., sec. 3277.) Statements made as to the cause of death in proofs of loss are not conclusive upon the parties. (5 *Joyce on Insurance,* 2d Ed., sec. 3319.)

In *United States Life Ins. Co. v. Kielgast,* 26 Ill. App. 567, the court, in discussing the admissibility of proofs of loss in evidence, said:

"The rule seems to be well settled that where, in a suit upon a policy of insurance, the proofs of death are offered in evidence by the plaintiff, they are admissible only for the purpose of showing performance by the assured of the conditions of the policy in relation to preliminary proofs (citing cases). But where the proofs are offered in evidence by the defendant, a somewhat different effect should be given them. Thus, in *Mutual Life Ins. Co. v. Stibbe,* 46 Md. 302, it is held that where the proofs of death are offered in evidence by the plaintiff they are admissible solely for the purpose of showing compliance with the conditions of the policy; but where they are offered by the defendant, they are admissible as declarations by the plaintiff." In 8 *Couch's Cyclopedia of Insurance Law,* sec. 2225, it is stated

"As a general rule, supported by the weight of authority, proofs of loss are admissible in evidence only for the purpose of showing a compliance with the requirements of the policy, since such proofs are declarations or statements by the insured in his own behalf, and cannot be admitted as evidence. (*Lycoming F. Ins. Co. v. Rubin,* 79 Ill. 402; *Knickerbocker Ins. Co. v. Gould,* 80 Ill. 398; *Imperial Fire Ins. Co. v. Shimer,* 96 Ill. 580). Since the insurer is not a party to the proofs of loss, it is not bound by any statement which may be contained therein or omitted therefrom." The defendant admitted receipt of notice and proofs of death as satisfying the provision of the policy, but it did not,

by retaining them, waive any right to contest liability under the policies.

The defendant further urges as an affirmative defense that the insured, within two years prior to the dates of the issuance of the insurance policies, had been a patient at or an inmate of an institution for the treatment of physical or mental disease; and that this defense was sufficiently alleged and tendered an issue in which the plaintiffs joined by filing a reply thereto. In a fourth class action in the municipal court of Chicago, such as in the case at bar, the rights of the parties will not be determined by technical rules of pleading. (*Buchsbaum v. Halper*, 265 Ill. App. 226.) In entering judgment for plaintiffs on the pleadings, the court did not strike the defense filed by defendant for any insufficiency nor give any reason for entering judgment thereon. The policies provided that they shall be incontestable after they had been in force, during the lifetime of insured, for one year from their date of issue, except for nonpayment of premiums. The policies were not in force during the lifetime of insured for one year, having been issued on November 27, 1939 and December 18, 1939, and the insured having died on July 8, 1940. The policies were therefore not incontestable.

Under the provisions of the policies, if within two years prior to the date of issue of these policies the insured had been a patient at or an inmate of any institution for the treatment of physical or mental disease, unless it shall be shown by the insured or any claimant that no such institutional treatment or attention was for a serious disease, injury, or physical or mental condition, the policies were voidable by the company unless reference to such institutional treatment or attention was indorsed on the policies. The defendant in its defense sets forth these provisions and alleged that insured within two years prior to the date of issuance of the policies, had been a patient at

or inmate of an institution for the treatment of physical or mental disease; and further sets forth that it had not been shown either by insured or by plaintiffs or by anyone else, that the above mentioned institutional treatment and attention was not for a serious disease, injury or physical or mental condition and that reference to the above mentioned institutional treatment was not indorsed on the policies in accordance with the provisions above set forth nor disclosed in the written applications for said policies; and it is further alleged that by virtue of said institutional treatment had by insured, within two years prior to the issuance of the policies, said policies had been declared to be void by the defendant and that the defendant's only liability on said policies is for the return of the premiums paid, setting them forth, which amounts had been and were again tendered in full satisfaction of defendant's liability.

To this affirmative defense the plaintiffs filed a reply in which they averred that they had no direct knowledge of the allegations therein contained, but that the allegations if true are not sufficient in law to avoid the policies and they denied that the defendant at any time voided the policies of insurance. It would seem that issue was joined upon this affirmative defense by these pleadings.

This form of policy has been passed upon by this court in the case entitled *Gambill v. Metropolitan Life Ins. Co.*, 312 Ill. App. 538, and courts of other jurisdictions have done so repeatedly, holding that where the defendant alleges and proves hospital or medical attention or treatment within the two years prior to the issuance of the policies, the burden is then upon the plaintiff to prove that such hospital or medical attention or treatment is not for a serious disease. (*Davis v. Metropolitan Life Ins. Co.* (Ohio), 31 N. E. (2d) 98; *McDermott v. Metropolitan Life Ins. Co.* (Wisc.) 8 N. Y. S. (2d) 896; *Grant v. Metropolitan*

*Life Ins. Co.,* 194 S. C. 25, 9 S. E. (2d) 41; *Melnyk v. Metropolitan Life Ins. Co.,* decided April 19, 1940, Appellate Term, 1st Dept. N. Y.; *Baranowica v. Metropolitan Life Ins. Co.* (decided June 17, 1940, by the Court of Appeals of Lucas County, Ohio.)

Counsel for plaintiff made an oral motion for summary judgment in this cause, but no written motion or affidavits were filed. It is contended by defendant that a motion for summary judgment must be in writing and be supported by affidavits so that the court can determine whether a defense exists. Rules 72 and 73 of the municipal court of Chicago, governing the procedure of summary judgments, provide:

"Rule 72. If the plaintiff, in an action upon a contract, . . . shall file an affidavit or affidavits, on the affiant's personal knowledge, of the truth of the facts upon which his complaint is based and the amount claimed (if any) over and above all just deductions, credits and set-offs (if any), the court shall, upon plaintiff's motion, enter a judgment in his favor for the relief so demanded, unless the defendant shall, by affidavit of merits filed prior to or at the time of the hearing on said motion, show that he has a sufficiently good defense on the merits to all or some part of the plaintiff's claim to entitle him to defend the action. If the defense is to a part only of the plaintiff's demand a judgment may be entered, and an execution or other suitable writ issued, for the balance of the demand, and the case shall thereafter proceed as to the portion of the plaintiff's demand in dispute as though the action had been originally brought therefor; . . ."

"Rule 73. (1) The affidavits in support of a motion for summary judgment shall be made on the personal knowledge of the affiants; shall set forth with particularity the facts upon which the plaintiff's cause of action is based; shall have attached thereto sworn or certified copies of all papers upon which plaintiff re-

lies; shall not consist of conclusions but of such facts as would be admissible in evidence; and shall affirmatively show that the affiant if sworn as a witness, can testify competently thereto. If all the facts to be shown are not within the personal knowledge of one person, two or more affidavits shall be used.

"(2) Affidavits of merits to prevent the entry of a summary judgment shall be drawn in the same manner as the affidavits mentioned in the foregoing paragraph of this rule . . . ." As before stated, no written motion or affidavits were filed in this cause, nor was the defense stricken as being insufficient in law nor were any alleged deficiencies therein pointed out as to the right to recover the double amount of the insurance. The case of *Diversey Liquidating Corp. v. Neunkirchen*, 370 Ill. 523, was a direct appeal to the Supreme Court from an order of the municipal court of Chicago granting a motion for summary judgment. The court, in reversing the judgment, said;

"The purpose of a proceeding for summary judgment is to determine whether a defense exists. Where a defense raising an issue of fact as to plaintiff's right to recover is set up, a summary judgment must be denied. To try an issue of fact by affidavits would deprive defendant of his right to a jury trial. . . . The court, in reliance on plaintiff's affidavits and an apparent discrepancy between the facts stated by defendant in his original and amended affidavit of merits, must have considered untrue the facts alleged in defendant's second affidavit of merits. Regardless of the fact that the affidavit stated a defense, it was ordered stricken and judgment entered. The court cannot determine the truth of defendant's affidavit of merits in a summary judgment proceeding. The truth or falsity of facts disclosing a legal defense must be decided by a jury." In *People for use of Dyer v. Sanculius*, 284 Ill. App. 463, the court quoted from the work of O. L. McCashill on the Civil Practice Act, where he said:

"There is a striking difference between the affidavits required by the rule and the affidavits which were employed under those sections of former practice acts which established a modified form of summary judgment. The affidavits contemplated in this rule are designed to inform the court of the existence or non-existence of an issue worthy of trial, whereas the affidavits formerly employed were designed primarily to advise a party of the nature of his adversary's claim of defense." In this action, the affidavit attached to plaintiffs' statement of claim is executed by the attorney of record for plaintiffs, and no affidavits in support of motion for summary judgment were filed. If the court deemed the motion in the nature of a motion to strike the affidavit of merits it should have so stated and pointed out wherein the pleading was deficient so that it might be amended where appropriate. It might then strike the pleading and the defendant would under the usual practice, be granted leave to amend. Rule 42 of the municipal court of Chicago provides that all objections to pleadings shall be raised by motion which shall specifically point out the defects complained of. A motion directed against any pleading filed subsequent to the original statement of claim shall be filed within 10 days after the last day allowed for the filing of the pleading attacked. In disposing of a motion directed against any pleading the court shall fix the time for the filing of such further pleadings as are necessary. Under rule 26 of that court it is provided that when new matter by way of defense is pleaded in an answer, a reply shall be filed by plaintiff within 10 days after the last date allowed for the answer. Plaintiffs filed a reply on May 13, 1941, the day before the case was called for trial, and it urged that the plaintiffs, therefore, waived the right to question the sufficiency of defendant's defense.

As before stated, plaintiffs' answer is that where notice and proof of loss were submitted to defendant

insurer by plaintiffs and were received and retained without objections, defendants waived the right later to object to them as not satisfying requirements of the policies. It is urged that, since defendant admits receiving the proofs of death and nowhere denies the sufficiency of them in relation to the cause of death but merely says "that it has denied liability under said policy," and having accepted the proofs of death without reservation, the defendant must therefore be charged with having been satisfied with proof of death as well as cause of death. The plaintiffs further contend that the facts constituting any affirmative defense—that an instrument is either void or voidable and—seeks—to defeat the cause of action in whole or in part and any ground or defense—must be plainly set forth in the answer or reply.

As we understand the facts the pleadings put in issue plaintiffs' right to recover double the amount of insurance, payable upon insured's death from bodily injuries caused solely through external, violent and accidental means within the terms of the policies. Whether insured's death was caused solely through external, violent and accidental means is an issuable fact upon which evidence should have been heard before the question was passed upon. Further, the defense that the insured, within two years prior to the dates of the issuance of the insurance policies, had been a patient at or an inmate of an institution for the treatment of physical or mental disease, having been sufficiently alleged and issue joined by plaintiffs' reply, the burden was upon the plaintiff to prove that such hospital attention or treatment was not for a serious disease. It is clear that the issues joined were questions of fact to be determined by the hearing of evidence. In our opinion the motion for judgment in this case did not comply with the rules of the municipal court of Chicago for summary judgment, and even if it had done so the court could only determine if a de-

fense existed. Under the statements of facts, as we have them here, the cause of death was a disputed issue between the parties. Applying the rules that we have incorporated in our opinion, the court was in error in passing upon an oral motion for judgment without having affidavits in support thereof, or without having the defects complained of pointed out specifically. The court ignored not only the principles of law, but the explicit rules of the municipal court governing pleading and summary judgments. The court did not have before it the facts to pass upon whether there existed a defense worthy of trial.

For the reasons stated, the judgment is reversed and the cause remanded for a trial by the court upon the facts as they are presented at the time of hearing.

*Judgment reversed and cause remanded.*

BURKE, P. J., and KILEY, J., concur.