## PATRICK F. MURTAUGH

### v.

## JULIA MURPHY.

*Limitations — Open Account — Payments—Application—Credibility of Witness—Instructions.*

1. It is improper to instruct the jury that if they believe that a witness "has testified falsely upon any material matter," they may disregard his entire testimony except so far as corroborated.

2. In an action on an open account an instruction for the defendant touching the statute of limitations, which contained no reference to certain payments, was improperly refused, there being nothing to indicate any application by the defendant of such payments to any particular demand.

[Opinion filed January 16, 1889.]

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding.

Mr. C. STUART BEATTIE, for appellant.

The second instruction given for the plaintiff took from the jury entirely the principal element upon which the jury should have acted in determining the credibility of the appellant upon the stand, namely, whether the false testimony "was wilfully and knowingly false."

This identical instruction has been considered and rebuked in over a score of cases in this State, and as many judgments reversed on account of it. Chittenden v. Evans, 41 Ill. 253; U. S. Ex. Co. v. Hutchins, 58 Ill. 45; City, etc. v. Smith, 48 Ill. 108; Pope v. Dodson, 58 Ill. 108; Gullier v. People, 82 Ill. 146; Otmer v. People, 76 Ill. 152.

"Payments credited by the plaintiff on account, the defendant keeping no account, does not bring the case within the exception of mutual accounts." Prenatt v. Runyan, 12 Ind. 174; Dyer v. Walker, 57 Maine, 104; Peck v. N. Y. S. Co., 5 Bosw. (N. Y.) 226; Weatherwax v. Cosumnes, 17 Cal. 344.

Appellee herself kept no memorandum or book entry of the divers payments she pretends to have received. The true rule on the alleged facts is as follows:

"If in a continuous account some items have accrued before, and others within six (5) years, the mere payment of a sum by the debtor, without any evidence of an appropriation on his part or of an intention to apply such sum in part discharge of the earlier items, will not have the effect of exempting them from the operation of the statute. In such case the creditor may at any time apply the payment to the debts that have been due for a longer period than six (5) years." 2 Taylor on Ev. 1081.

"Where an instruction, which is in conformity with law, is asked, based on the evidence, and presenting a view of the case which may be controlling, and which is not covered by any other instruction, a refusal to give it will cause a reversal of the case. Bennett v. Connolly, 103 Ill. 50; State v. Wilson, 2 Scam. 225; Cohen v. Schick, 6 Ill. App. 280; C., B. & Q. Ry. Co. v. Warner, 108 Ill. 538." Stearns v. Reidy, 18 Ill. App. 585.

Mr. ROBERT VAN SANDS, for appellee.

GARY, J. May 10, 1887, the appellee sued upon an account beginning in January, 1880. An issue was made upon the statute of limitations of five years. There was no evidence of any promise, and of payment, only her testimony that "whenever I needed money for my own use I got it from him. This I did on several occasions since 1880. The last payment I got from him was $9, in the fall of 1885, to pay a balance I owed a carpet weaver."

The appellant testified that she did his washing for the rent, and never asked him for any money. Upon another point the appellant was contradicted by other testimony.

Among other instructions the jury were told: "If the jury believe that any witness who has testified in this case has testified falsely upon any material matter in this case, then the jury have a right to disregard his entire testimony, except so far as the same may be corroborated by other evidence." This is error. Pope v. Dodson, 58 Ill. 360. The appellee intended, and the jury understood, this instruction to be pointed at the

Murtaugh v. Murphy.

appellant.  The instruction, besides omitting any reference to the evidence as the ground of belief by the jury (Freeport v. Isbell, 83 Ill. 440; Horne v. Walton, 117 Ill. 130), treats a mistake, however innocent, of the witness, as having the same effect upon his credibility as wilful perjury.

The appellant asked and the court refused this instruction : " The court instructs the jury that in cases like the one on trial, unless the suit is commenced within five years after the cause of action accrues, then the statute of limitations is a complete bar ; that in the absence of any different contract, the defendant became indebted to the plaintiff (if he became indebted to the plaintiff at all) as soon as the work was done, and unless the jury believe that the defendant was to have time in which to pay for the work, then they are instructed to disallow all claims for work done more than five years from the commencement of this suit."  This was also error.  If the appellee did get money from the appellant, as she testified, there is nothing in the case to indicate any application by the appellant of money so paid to any particular demand.  And without such application by him, that is, without evidence that he, when he paid, intended that payment to apply as part payment of a larger demand, so identified as to be now ascertainable, such payment has no effect upon the running of the statute (Angell, Lim., Sec. 244; Taylor, Ev., Sec. 1081), and, therefore, no reference to that money was necessary to make the instruction proper.

As part of the account accrued more than seven years before the suit was commenced, the appellant was entitled to this instruction.  As the judgment must be reversed for these errors, nothing will be said about the newly discovered evidence.

*Reversed and remanded.*