SAMUEL H. CRUM

v.

CHARLES A. HIGOLD, ADMINISTRATOR, ETC.

*Master and Servant—Physician's Services—Open Account—Limitations—Payment.*

The mere fact of a payment by a debtor owing an account of a sum not more than sufficient to cover items of recent origin, without proof of knowledge as to numerous items of older date, long barred by the statute, is not sufficient, *per se*, to relieve such barred items therefrom.

[Opinion filed November 27, 1889.]

APPEAL from the Circuit Court of Morgan County; the Hon. C. EPLER, Judge, presiding.

Messrs. M. T. LAYMAN and G. W. SMITH, for appellant.

Mr. EDWARD L. McDONALD, for appellee.

WALL, J.  This suit was brought by Higold, administrator of Craig, deceased, to recover a balance alleged to be due from Crum for medical services rendered him by the deceased Craig.  The plaintiff recovered and the record is brought here by the appeal of the defendant.

We deem it necessary to consider only the defense of the statute of limitations, which was interposed by the defendant. It appeared that the account sued upon consisted of a large number of small items for attendance and medicines running through a period of twelve years, the major part of it having accrued more than five years before suit brought.  There appears on the books kept by deceased, which were admitted in evidence, a credit of $5 more than five years before suit brought, and several similar payments made since then, and as to these later payments it may be remarked that they were all made at times when, as shown by the books, there was a greater amount due considering only the items accruing within the five years.

At the instance of the plaintiff the court instructed the jury that if there was a running account between the deceased and the defendant extending through ten or twelve years before suit brought, and if payments were made by defendant for which he was credited by the deceased and the last payment was made within five years, then such payment would, in law, revive the whole account; and by a further instruction the court advised the jury that if defendant, after the account became barred, and within five years, made a payment on the account, then the account was thereby revived. The last instruction was misleading because it assumed there was a payment on account after it became barred, of which there was no proof. It was not shown that the payments made within the five years were made upon the old items nor that there was in a single instance any knowledge or recognition of an indebtedness greater than would be liquidated by the payment then made.

The first instruction seems to ignore the necessity of proof that the payment was intended to be made on the barred items or on a recognized general account but assumes that in the case stated mere payment made within five years would, as a matter of law, revive the whole account. While it is well settled that a part payment of a debt will take it out of the statute, yet it must be certain that the payment is made only as a part of a larger debt, for in the absence of proof it will not be deemed an acknowledgment of any more debt than it pays. Parsons on Contracts, 6th Ed., Vol. 3, 74–75; Angell on Limitations, Chap. 22.

Where a debtor owes several debts to his creditor and makes a payment it must appear affirmatively that he intended to pay upon the one barred before the payment can be made effective to remove the bar, and, as was said in Lawry v. Gear, 32 Ill. 386, it must be remembered that the new promise can be implied only where the party designedly makes payment upon the particular debt. There must be an actual, affirmative intention to make a payment on such debt before the new promise can be inferred. The rule is plain enough and easy of application when the debts are several and distinct, as in

the case of several promissory notes or other liabilities growing out of independent transactions. The case of a running account, such as here, consisting of a great number of similar charges, seems to present more difficulty.

In Dyer v. Walker, 54 Wis. 22, the court said that as the testimony was clear that the payment was made upon the account as a whole and not on any one or number of items, it would operate as an acknowledgment of the whole and remove the bar. In Peck v. N. Y., etc., Steamship Co., 5 Bosw. 227, it was said : "The principle on which the effect of an indefinite payment on a general open account depends, is acknowledgment. A specific payment directly appropriated to a specific item in such an account leaves the statute to its operation as to the rest. But when the debtor knows that there exists against him a general account of items and designedly pays or furnishes something to lessen a demand on such general account without discrimination and at that time does not deny his liability for the previous items, the law reaches an implication of his acknowledgment of the whole account."

In Beltzhoover v. Yowell, 11 Gill & Johnson, 216, it was said : "Upon no principle of reason or justice can such an inference (of acknowledgment) be deduced from the simple fact of a payment made on account of a running account of long standing of which the debtor has never been furnished with a copy or been otherwise put in possession of a knowledge of the entries which it contained. * * * To revive the items of an open account which are barred by the statute, by a payment in part, or part payment on account, which are the same thing, it is necessary that it should appear that the payment was made on those items, or that the debtor, having full knowledge of the charges in the account to which the statute was a bar, made the payment recognizing its validity. The payment, too, must be applied by the debtor, not by the creditor. For although the creditor, on the omission of the debtor to do so, may apply the payment in part satisfaction of the debt or that part of it which is barred by the statute, yet such payment will not relieve the balance of the debt

Crum v. Higold.

from the operation of the statutes.    Mills v. Fowkes, 35 Eng.
C. L. R. 175."

In Carroll v. Forsyth, 69 Ill. 133, it was said: "Where one
has an account against another, the whole or a part of which
is barred by the statute of limitations, he can not take it all
out by merely entering a credit.    The credit to have that
effect must be authorized and proved to have been intended
as a payment on the account."

We are constrained to hold that the first instruction was
erroneous in omitting as an essential element that the pay-
ment must be made under such circumstances as to show a
recognition of the whole account—a purpose to pay on the
stale items.    The mere fact of a payment not more than suf-
ficient to cover items of recent origin without proof of knowl-
edge as to the numerous items of older date, now long barred
by the statute, ought not to be sufficient *per se* to relieve such
barred items from the statute.    The gross injustice which
might thereby be accomplished, is apparent.    Nor can the
barred items be saved on the ground that the present is a case
of mutual accounts.    The rule that items within the period
of limitation draw after them items beyond that period, is
strictly confined to mutual accounts between two parties show-
ing a reciprocity of dealing.    There must be a mutual or, as
sometimes expressed, an alternate course of dealing, giving
rise to cross-demands upon which the parties might respect-
ively maintain actions.

Where payments are made on account by one party for
which credit is given by the other, it is an account without
reciprocity and only on one side.    The mere payment credited
by the plaintiff does not bring the case within the exception
of mutual accounts.    Angell on Limitations, Secs. 148–9;
Wait's Actions and Defenses, Vol. 7, 266–7.

We are of opinion that upon the evidence, as it appears in
the present record, the defense of limitations was well made
as to a substantial portion of the account.

For the reasons indicated the judgment will be reversed
and the cause remanded.

*Reversed and remanded.*