THE PRUDENTIAL INSURANCE COMPANY OF AMERICA
v.
FLORA FREDERICKS, ADMINISTRATRIX.

*Life Insurance — Policy — Conditions— Administrator—Evidence — Instructions.*

1. A substantial departure from the truth in answering questions set out in an application for life insurance made by assured, will avoid the policy issued thereon.

2. It is only by adopting a policy for life insurance issued to a deceased person that his administrator has any standing in an action brought to recover thereon, and such adoption necessarily embraces all the terms of the policy.

3. No admission by an administrator, made before his appointment, is evidence against him after such appointment.

[Opinion filed November 2, 1891.]

APPEAL from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding.

Messrs. HOYNE, FOLLANSBEE & O'CONNOR, for appellant.

The provisions of the policy and application rendered the policy void if the answer to any of the questions in the application was untrue. 1 May on Ins. (3d Ed.), Sec. 156, *et seq.;*

Thomas v. Fame Ins. Co., 108 Ill. 91; Miles v. Conn. Mut. L. Ins. Co., 3 Gray, 580; Jennings v. The Chenango Co. Mut. Ins. Co., 2 Den. 75; Foot v. Ætna L. Ins. Co., 61 N. Y. 571; Ætna L. Ins. Co. v. France, 91 U. S. 510; Cobb v. Cov. Mut. Ben. Ass'n, 26 N. E. 230; Tebbets v. Hamilton Mut. Ins. Co., 1 Allen, 305.

This, indeed, was not denied by the appellee's counsel on the trial, but he sought to avoid the effect of it by attempting to show them that owing to certain circumstances, the application in this case was not binding upon the insured.

It will be remembered that the plaintiff testified that she insured her father's life and paid the premiums with her own money; that her father was not present; that his name was signed to the application by the agent, but that after the agent left the house she informed her father that she had insured his life and told him about the questions the agent had asked regarding his health and the answers she had given.

These circumstances could not have affected the validity of the application. The plaintiff having procured the insurance and paid the premiums as a gratuitous act on her part and not under the directions or authority of her father, she and not her father was the principal in the transaction, and therefore it was with her and not with her father that the contract of insurance was made. If A, desiring to make a gift of a policy of insurance to B, goes to an insurance company and contracts for insurance on B's life without B's knowledge, the contract is certainly made with A and not with B, and if a suit is brought to enforce it, it must be enforced as it was made by A, and it is immaterial whether B was present when it was made or not. It was, therefore, immaterial whether Adams was present at the time his life was insured or not.

If the plaintiff is to be considered as the agent of her father in procuring the insurance, her knowledge would be binding upon him. Carpenter v. Amer. Ins. Co., 1 Story, 57; McFarland v. Peabody Ins. Co., 6 W. Va. 425; Chatillon v. Canadian Mutual Fire Insurance Company, 27 U. C. C. P. 450.

Mr. R. D. Coy, for appellee.

Gary, J.  This is an action on a policy of life insurance, issued by the appellant to the father of the appellee.  Among others it contained this condition:

"Fourth.  This policy shall be void if  *  *  *  any of the representations upon which this policy is granted are not true. If for any cause this policy be or become void, all premiums paid thereon shall be forfeited to the company."  And the application contained the provision recited in the instruction hereinafter copied, given on the request of the appellant.

On the trial there was a conflict of testimony as to whether the application for the policy was made by, or with the knowledge of the assured, or by the appellee, and he only informed thereafter that she had insured his life, and had answered questions put by the agent of the company, who signed the name of the assured to the application; and also whether the questions in the application, relating to the health of the assured, were truly answered.

On the request of the appellee the court gave these instructions:  "If the jury believe from the evidence that the person insured did not sign the application, but that his name was signed thereto in his absence by an agent of the company and without his knowledge, then the defendant can not take advantage of any misstatements therein to defeat the payment of the policy.

3.  "If the jury believe from the evidence that the application upon which the policy sued on was based, was filled out and signed by an agent of the defendant, without knowledge of the party insured, and without collusion with any person, then defendant is as much bound by its policy as if application had been signed in the regular way by the party insured.  And defendant can not defend on the ground of any misstatements in the application."

And among others, on the request of the company, this:

" If the jury believe from the evidence that the policy in suit was issued upon an application containing the following provision—' I hereby apply for insurance for the amount herein named, and I declare and warrant that the answers to the above questions are complete and true, and were written

opposite the respective questions by me, or strictly in accordance with my directions. I agree that said answers with this declaration shall form the basis of a contract of insurance between me and the Prudential Insurance Company of America, and that the policy which may be granted by the company in pursuance of this application, shall be accepted subject to the conditions and agreements contained in such policy. I further agree that no obligation shall exist against said company on account of this application, although I may have paid premiums thereon, unless said company shall issue a policy in pursuance thereof and the same is delivered to me'—then the court instructs the jury, as a matter of law, that by virtue of said provision, each and every answer in said application was warranted to be true, and if the jury believe from the evidence that any answer in the said application was not true, then the court instructs the jury that they must find for the defendant."

The jury having their choice which instruction they would follow, quite naturally found a verdict against the insurance company.

If the application had been made by the assured, any substantial departure from the truth, in the answers to the questions contained in it, would avoid the policy. Thomas v. Fame Ins. Co., 108 Ill. 91.

And by accepting the policy and paying premiums upon it, whether that was done by the assured or by one acting for him, whether by his authority or as a volunteer, the assured and his administratrix, now representing him, have adopted the policy as it reads, with the same effect as if he had intelligently answered each question and signed his name to the application. He and his representative must adopt the whole or none of the complete transaction. It is only by adopting the policy that the appellee has any standing, and such adoption necessarily embraces all the terms of the policy. Draper v. Charter Oak, 2 Allen, 569; Richardson v. Maine Ins. Co., 46 Me. 394; Goddard v. Monitor Ins. Co., 108 Mass. 56.

The instructions given on the request of the appellee were therefore erroneous, and upon the evidence we can not say that the jury ought to have found for her, if they had been

governed by the correct instruction quoted, given on the request of the appellant.

The appellant offered in evidence a conversation had with the husband of the appellee, in her presence, before she was appointed administratrix, relating to the health of the assured for several years before his death; and it now assigns as error the refusal of the court to admit that testimony. There was no error in this; the only effect that could be given to such conversation would be that of an implied admission on her part by silence. No admission by her made before she was administratrix is evidence against her when suing as such. 1 Greenl. Ev., Sec. 179; U. S. Life Ins. Co. v. Kielgast, 26 Ill. App. 567.

For the error in the instructions the judgment is reversed and the cause remanded.

*Reversed and remanded.*