DUNCAN S. GOODING, ADMINISTRATOR, ETC.

v.

UNITED STATES LIFE INSURANCE COMPANY.

*Life Insurance—Policy—Breach of Conditions— Suicide—Evidence —Instructions.*

1. Admissions made before a person was appointed administratrix in a given case are not evidence against her when suing as such, nor against her successor so bringing suit.

2. Suicide of a policy holder is an affirmative defense to be made by the company in an action upon such policy.

3. In such case an instruction making an accidental act of the deceased which resulted in his death a defense, should not be given.

4. Nor one summing up the evidence and in the nature of an argument.

5. Nor one as to false testimony by any witness, omitting the qualification that such falsity was wilful.

[Opinion filed October 28, 1892.]

APPEAL from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding.

Mr. GEORGE F. WESTOVER, for appellant.

Messrs. ISHAM, LINCOLN & BEALE, for appellee.

MR. JUSTICE GARY. This case was here before under the

title of United States Life Ins. Co. v. Kielgast, Adm'r, and
is reported in 26 Ill. App. 567, and is also reported in 129
Ill. 557, under the title, United States Life Ins. Co. v.
Vocke, Adm'r, the judgment of this court being reversed.

This court had decided that neither the record of the
coroner's inquest held over the body of the insured, Otto
Wilhelm Kielgast, nor the depositions taken upon that in-
quest, were admissible as evidence for the company, as to
the cause of his death. The Supreme Court held that the
verdict of the coroner's jury was so admissible, but not the
depositions. On the last trial both were admitted, and the
appellant excepted. The appellee seeks to justify the ad-
mission of the depositions upon two grounds:

First. That they were furnished by the predecessor of
the present appellant, as part of the proofs of loss, and are
therefore an admission against the appellant. That ground
is well answered by Mr. Justice Bailey, then a judge of this
court, now a judge of the Supreme Court, in 26 Ill. App.
572.

Second. That the deposition of Mrs. Kielgast, the former
plaintiff, is evidence against her and her successor, that the
facts were as stated by her in that deposition. But she
was not administratrix when that deposition was given; the
inquest was on the next day after the death, and letters of
administration were issued afterward.

"No admission by her made before she was administra-
trix is evidence against her when suing as such." Pruden-
tial Ins. Co. v. Fredericks, 41 Ill. App. 419; and it follows
that it is not evidence against her successor in office.

The appellant asked an instruction that "unless the jury
find that a preponderance of the evidence shows the de-
ceased to have died by his own act, your verdict must be
for the plaintiff," which the court changed so as to read,
"If, after considering all the evidence in the case, the jury
find from a preponderance of the evidence that the deceased
did not die by his own act," etc.

The court also refused instructions asked by the appel-
lant, as follows: "Second. The burden of proof is on the
defendant to show that the deceased came to his death by

Gooding v. U. S. Life Ins. Co.

his own act. Fifth. I instruct you as a matter of law that the contents of the depositions of witnesses taken at the coroner's inquest are not to be considered by you as evidence to sustain any statements in the depositions contained."

What has been already said as to the depositions, if correct, shows that the fifth instruction should have been given.

The appellee attempts to justify the action of the court on the other instructions, thus: we quote its brief: "The defendant having made out a *prima facie* case, the burden of proof then fell upon the plaintiff to overcome it, and establish by a preponderance of evidence that the deceased did not die by his own act. The burden of proof in all cases must rest upon the party against whom is thrown the weight of the presumption, as to the facts, which the law raises. It is not necessary that such presumption should always arise in the first instance, provided it is so raised as to affect the decision of the whole case. If upon the whole evidence the law raises a *prima facie* presumption, the party against whom it arises will be entitled to a verdict only upon proving his case by a preponderance of the evidence. Wilbur v. Wilbur et al., 129 Ill. 392." By reference to page 398 of that report, it will be seen that that case is an authority the other way.

That suicide is an affirmative defense, to be made out by the company, we do not understand the appellee to dispute. 13 Am. & Eng. Encyc. of Law, 645.

Instructions given on behalf of the appellee are wrong. The second makes any accidental act of the deceased, which resulted in his death, a defense; as, if the shot that killed him was occasioned by laying a garment containing the pistol on a chair.

The sixth is a summing up of the evidence, and in the nature of an argument. The eighth, as to false testimony by any witness, omits the qualification that such falsity was wilful. Murtaugh v. Murphy, 30 Ill. App. 59.

The judgment must be reversed and the case remanded.

*Reversed and remanded.*