Frank C. Pratt, Defendant in Error, v. John Worthington, Plaintiff in Error.

Gen. No. 16,610.

1. DECEIT—*what not essential to recover where loan made through fraudulent representations of agent.* If a party make a loan relying upon representations made by his agent, he may recover of such agent, if such representations were false and fraudulent, without first enforcing the security given upon the making of the loan.

2. STATUTE OF LIMITATIONS—*effect of concealment.* If the cause of action be fraudulently concealed from the plaintiff the statute does not begin to run until the existence of the cause of action is discovered by the plaintiff.

Error to the Municipal Court of Chicago; the HON. JOHN W. HOUSTON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed April 19, 1912.

ADAMS, BOBB & ADAMS, for plaintiff in error.

WILLIAM E. O'NEILL, for defendant in error.

Mr. Presiding Justice Baldwin delivered the opinion of the court.

Defendant in error, Pratt, brought an action of the fourth class in the Municipal Court of Chicago to recover damages from plaintiff in error, Worthington, for alleged fraudulent representations in the matter of a loan of $500. The trial resulted in a verdict and judgment against Worthington for $500.

It appears that in August, 1903, Worthington, who had theretofore made loans for Pratt, applied to him for $500, which he said he would loan to one Robert L. Lane, who was perfectly responsible, and the money would be well secured upon real estate owned by Lane worth three or four times the amount of the loan. Pratt furnished the money and subsequently received from Worthington a principal note for the amount, dated August 20, 1903, due one year after date, and signed by Robert L. Lane, together with a trust deed executed by him, purporting to convey as security a lot in Morgan Park. Upon the maturity of the note, August 20, 1904, Worthington informed Pratt that Lane desired an extension for a year; that Lane could pay; that "the loan was well secured," etc.; whereupon Pratt extended it for one year, as he did, also, on August 20, 1905, upon like representations from Worthington. Interest was paid upon the loan up to the installment falling due February 20, 1906, for the preceding six months. Pratt, who lived in Chicago when the loan was made, had moved to Los Angeles, California, and the record shows seven letters from Worthington to him, between October 29, 1906, and August 24, 1908, giving reasons why Lane was slow in paying, and assuring Pratt that the money would surely be paid. In one of these Worthington says he will make a new loan to Lane so he can pay up Pratt, and in one dated June 23, 1908, having received a notice from Pratt's lawyer, O'Neill, that he must take up the Lane paper, Worthington

writes Pratt asking if it "is satisfactory to you to have me pay O'Neill this money." In none of the correspondence does Worthington suggest the fact that the indebtedness was really his own instead of Lane's.

The testimony disclosed the fact that on August 20, 1903, the lot in question was owned by Worthington's wife. With her he joined in a conveyance on that date to Lane, who executed the note and trust deed and then, on the same day, reconveyed the lot by quit claim to Mrs. Worthington; Worthington got the $500, and paid Lane $5.00 for his services in the matter. There is testimony tending to show that the lot was worth but little more than it would cost to foreclose the trust deed, pay tax liens, etc., *encumbering same.* The evidence shows that Lane was accustomed to participate in such transactions and received a fee of $5.00 for each; that on August 20, 1903, his liabilities upon paper of this sort would probably amount to somewhere between $500,000 and $750,000, and he is not certain that on that date he owned any real estate or was solvent.

It is contended that we should reverse the judgment against Worthington because Pratt was guilty of negligence in relying upon Worthington's representations; also because Lane should have been sued upon the note or the trust deed should have been foreclosed to determine how much, if any, loss Pratt had sustained; and further because the action which was brought August 30, 1909, was barred by the statute of limitations.

It appears that before this transaction Worthington had made loans for Pratt, and, under all the circumstances shown, we think Pratt was justified in acting upon Worthington's representations. Horne v. Walton, 117 Ill. 130; Endsley v. Johns, 120 Ill. 369.

To sustain this action, we do not think it was necessary that Lane should have been sued upon the note, nor that the trust deed should have been foreclosed.

Such a course might properly have been pursued, and more delay and expense caused; but Worthington was himself the debtor, in a very real sense. He got the money,—his conduct throughout was most reprehensible; he was guilty of palpable and deliberate fraud, and it is this fraud upon which this action is based. That being found against him, we think the evidence in this case warrants the verdict as to the amount of damages.

It is conceded in the briefs that the cause of action accrued August 20, 1903, and that the statute provides that actions of this sort must be brought within five years, but the statute in terms provides an exception: "If a person liable to an action fraudulently conceals the cause of such action from the knowledge of the person entitled thereto, the action may be commenced at any time within five years after the person entitled to bring the same discovers that he has such cause of action, and not afterwards" (sec. 22, chap. 83 Hurd's Revised Statutes of Illinois) and we think the testimony in this case brings it within the exception named.

By virtue of the Municipal Court Act, cases of this class are to be disposed of without formal pleadings, and both that court and this are directed to dispose of such actions according to the real merits of the controversy, and in such manner as will result in substantial justice being done between the parties. We think the judgment of the court below embodied that result, and it will, therefore, be affirmed.

The costs of the additional abstract should be taxed against plaintiff in error, and it is so ordered.

*Judgment affirmed.*