Spieker v. Schonfeld, 202 Ill. App. 310.

## Harry E. Spieker, Defendant in Error, v. William A. Schonfeld, Plaintiff in Error.

### Gen. No. 20,130.

1. JUSTICES OF THE PEACE, § 247*—*when case is tried de novo on appeal to Circuit Court.* On an appeal from a justice of the peace to the Circuit Court the cause is tried *de novo*, and may be proceeded with as if nothing had occurred in the justice court.

2. JUSTICES OF THE PEACE, § 165*—*what is extent of recovery on appeal to Circuit Court.* Where a suit is brought upon a note in a justice court and an appeal is taken to the Circuit Court, recovery may be had for any and all items which can properly be joined in one action as long as the total does not exceed $200.

3. JUSTICES OF THE PEACE, § 253*—*when additional causes of action may not be brought into case on appeal to Circuit Court.* Where a suit brought before a justice of the peace is appealed to the Circuit Court and trial had *de novo*, items that might otherwise properly be brought in by a bill of particulars may not be brought in where the time limited by the statute of limitations has elapsed between the accrual of the additional cause of action and the time when it was brought into the suit.

4. LIMITATION OF ACTIONS, § 90*—*when payment does not revive claim.* A payment will not revive a claim barred by the statute of limitations unless there is an actual affirmative intention shown on the part of the debtor to make payment on the debt which is claimed to be due.

5. APPEAL AND ERROR, § 1810*—*when final judgment should be entered upon reversal.* Where a judgment is reversed but the evidence discloses the amount due, final judgment should be entered.

Error to the Circuit Court of Cook county; the Hon. H. STERLING POMEROY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Reversed and judgment here. Opinion filed December 27, 1916. Rehearing denied January 8, 1917.

WARREN PEASE, for plaintiff in error.

CAMERON & MATSON, for defendant in error.

MR. JUSTICE GOODWIN delivered the opinion of the court.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Plaintiff in error seeks to reverse a judgment against him for $200, recovered in the Circuit Court, in a cause originally begun in September, 1903, before a justice of the peace. The transcript of the record in the justice's court showed that recovery was had for $52.38 on a note. An appeal was taken within the statutory time but apparently no further steps were had in the cause until January 26, 1910, when a bill of particulars was filed which counted on the note and certain other items. The plaintiff in error filed a plea of the statute of limitations, and at the trial the court found in favor of the defendant in error, and assessed his damages at the sum of $200. With the exception of the note, none of the items included in the judgment was upon any written instrument, and admittedly, if the suit had been begun at the time the bill of particulars was filed, a plea of the statute of limitations would have been a perfect bar to any recovery except upon the note. The position of the defendant in error, however, is that under our statute he had a right to recover in this cause for any and all items which could be properly joined in one action, so long as the sum total did not exceed $200. This is undoubtedly a correct statement of the law as laid down in *Waterman v. Bristol,* 6 Ill. (1 Gilm.) 597, and *Swingley v. Haynes,* 22 Ill. 214. Unquestionably, the Circuit Court enters upon the trial of the cause *de novo,* and may proceed with the cause as though nothing had occurred in the justice's court. In our opinion, however, this is in no way decisive of the question before us. It is obvious that a suit may be brought for one demand, and afterwards, by proper amendments, its scope may be enlarged so as to include other demands not counted upon originally. In such a case, of course, the question of whether the statute of limitations has or has not run must be determined by computing the time that has elapsed between the date when the additional cause of action accrued and the time when it was brought into the suit.

In the present case, the transcript of record and the testimony of the defendant in error himself show conclusively that the suit was not brought to recover any item except the promissory note; that, and that only, constituted the cause of action. While our practice would have permitted the introduction of evidence in the Circuit Court of other demands, so long as the total did nòt exceed $200, this is due entirely to the provision that the trial in the Circuit Court shall be *de novo,* and does not change the substantive rights of the parties. The addition of new items not sued for originally indubitably brings into the case new causes of action. In the present case, all items except the note were barred by the statute of limitations at the time the bill of particulars which brought them into the case was filed.

Counsel for defendant in error contends, however, that in any event two payments were made which revived the original cause of action. One of these payments is shown by the receipt to have been a payment on the note, while the other was for fifty books which were then delivered. We do not think that the addition of the words, "on account of settlement if consummated," which were attached to the receipt for this latter sum, renders the payment a payment upon the old account, since it clearly appears that it was paid for the delivery of the books at an agreed price.

A payment will not revive a claim barred by the statute of limitations unless there is an actual affirmative intention shown on the part of the debtor to make payment on the debt which is claimed to be due. (*Murtaugh v. Murphy,* 30 Ill. App. 59; *Crum v. Higold,* 32 Ill. App. 282; *C. H. Albers Commission Co. v. Sessel,* 87 Ill. App. 378.) The testimony of defendant in error's own attorney shows that the payment of $20 was made for the purpose of obtaining possession of fifty books, and that the amount allowed for the binding of each book was forty cents, while the amount

stipulated for in the original contract, under which he is claiming, was thirty-three cents. There is, moreover, nothing in the evidence which in any way tends to show that plaintiff in error, in making the payment, admitted or intended to admit that he was in any way indebted to defendant in error aside from the note. Consequently, the payment neither tolled the running of the statute of limitations nor revived any claim which it had barred. The judgment must, therefore, be reversed, but as the evidence clearly discloses the amount justly due defendant in error, there is no reason why final judgment should not be entered here. The judgment is reversed and judgment will be entered here for $68.89 (the amount of principal and interest due on the note after deducting the $10 paid thereon, and interest from the date of that payment), together with the costs incurred by defendant in error in the proceeding before the justice of the peace and in the Circuit Court.

*Reversed and judgment here.*