THE PITTSBURGH, CINCINNATI AND ST. LOUIS RAILWAY COMPANY

*v.*

JAMES McGRATH, Admr.

*Filed at Ottawa November 14, 1885.*

1. NEGLIGENCE—*definition of slight and gross negligence.* In an action based on alleged negligence of the defendant, an instruction was asked by the defendant, that "slight negligence is ·any negligence which .essentially contributes to the injury. Gross negligence is such negligence, only, as evidences a disposition to inflict injury or see it inflicted,"—which was refused: *Held,* properly refused, as not a correct definition of gross negligence.

2. SAME—*degree of care of person injured.* On the trial of an action by an administrator against a railway company, to recover for the killing of the intestate, one of its servants, through negligence, the defendant asked this instruction: "The jury are instructed that the first duty of the deceased, T. K., was to take reasonable care of his own safety, *even though to do so required his whole time,*"—which the court modified by striking out the words in italics, and then gave it: *Held,* that the modification was proper.

3. Evidence—*deposition of witness since deceased, taken by coroner.* In an action against a railway company to recover damages for the killing of plaintiff's intestate through alleged negligence, the deposition of a witness taken before the coroner upon an inquest upon the body of the deceased, the witness being dead, is not admissible in evidence on the question of negligence.

4. Same—*what is proper cross-examination.* On the trial of an action by an administrator against a railway company, to recover for negligence of the company causing the death of the intestate, a witness for the defendant testified that it was the custom in the defendant's yard for the men to clear the track on the approach of a locomotive, and that a section-man was expected to look out for his own safety. On cross-examination he was asked if it was not a custom of the company, or of all companies, to have a foreman with the section-men, to warn them of the approaching trains. He answered that the foreman could not always be with his men. He should be with them unless some necessary work calls him away. That when present it was customary for him to look out for passing engines, and warn the laborers: *Held,* as answered there was no error in allowing the question, and that it seemed to have been proper and pertinent cross-examination.

Appeal from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. Kirk Hawes, Judge, presiding.

Messrs. Willard & Driggs, for the appellant:

The court erred in excluding the deposition of John Rau, taken before the coroner, the witness being dead. Proof of what a witness testified to on a former trial, may be made by one who was present and heard the testimony, if the witness is dead. *Railroad Co.* v. *Keep,* 22 Ill. 9.

Post mortem inquisitions made under competent public authority are within some of the exceptions of the rule in regard to hearsay. 1 Greenleaf on Evidence, sec. 556; Starkie on Evidence, (10th Am. ed.) *404; *Burridge* v. *Earl of Sussex,* 2 Ld. Raym. 1292; *Sergeson* v. *Sealey,* 2 Atk. 412; *Fauldner* v. *Silk,* 3 Camp. 126; *Sills* v. *Brown,* 9 C. & P. 601.

The court erred in allowing questions not properly the subject of cross-examination.

The court erred in refusing defendant's ninth instruction: "Slight negligence is any negligence which materially con-

174        P., C. & St. L. Ry. Co. v. McGrath.

Brief for the Appellee.    Opinion of the Court.

tributes to the injury. Gross negligence is such, only, as evidences a disposition to inflict an injury or see it inflicted." The definition given in the instruction is correct. *Pennsylvania Co.* v. *Conlan,* 101 Ill. 93; *Railroad Co.* v. *Morgenstern,* 106 id. 216; *Railroad Co.* v. *Hetherington,* 83 id. 510; *Stratton* v. *Horse Ry. Co.* 95 id. 25; *Railroad Co.* v. *Johnson,* 103 id. 512; *Schmidt* v. *Sinnott,* id. 169.

The court erred in modifying defendant's fifth instruction. Freedom from severe or fatal injury was of more importance to the company, as well as to the deceased, than the performance of any given amount of labor.

Mr. M. J. Dunne, for the appellee:

The deposition of the witness taken before the coroner was properly excluded as hearsay, and for want of an opportunity to cross-examine. 1 Greenleaf on Evidence, sec. 554, 164; *Cook* v. *Railroad Co.* 5 Laws, 401.

The court is not bound to give an instruction on an abstract principle. *Hesing* v. *McCloskey,* 37 Ill. 341; *Dole* v. *Kennedy,* 38 id. 282; *American Express Co.* v. *Parsons,* 44 id. 312; *Ashlock* v. *Linde,* 50 id. 169.

Mr. Justice Sheldon delivered the opinion of the Court:

This was an action against the railway company to recover damages for the killing of plaintiff's intestate through the alleged negligence of the defendant, wherein the plaintiff recovered. The judgment was affirmed by the Appellate Court for the First District, and defendant took this appeal.

Error is assigned in the excluding of the deposition of a witness taken before the coroner, upon a coroner's inquest upon the body of the deceased, the witness being dead. English cases are cited where such depositions have been held admissible in evidence. Starkie, in remarking upon this subject, observes: "It has been said that depositions taken by a coroner are evidence although the prisoner was not present,

because the coroner is a public officer appointed to inquire of such matters, and therefore it is to be presumed that such depositions were fairly and impartially taken; yet it seems the admissibility of these depositions stands altogether upon the statutes," etc. (2 Starkie on Evidence, 490, marg.) As quoted from 1 Phillips on Evidence, 224, marg. (Cow. & Hill's notes, 5th Am. ed.): "The 4th section of the 7 G. 4 c. 64, enacts that every coroner, upon any inquisition before him taken, whereby any person shall be indicted for manslaughter or murder,   *   *   *   and shall certify and subscribe the evidence, and also the inquisition before him .taken, and shall deliver the same to the proper officer of the court in which the trial is to be, before or at the opening of the court. It has been held in the construction of the statute of Philip and Mary, under which depositions before coroners used to be taken, (and the same decisions seem to apply equally to cases under the new statute above cited,) that in case any of the witnesses   *   *   *   are dead,   *   *   *   their depositions may be read on the trial of the prisoner." The provision of our statute simply is, "which testimony (before coroner) shall be filed with said coroner in his office, and carefully preserved,"—there being no implication, as in the English statute, that the inquisition is for use in court.

There is such difference between the statutes as to afford room for question whether the English decisions fully apply. The cases in which such depositions have been received, are mostly criminal cases, but they have been received in a civil case. (*Sills* v. *Brown*, 9 Carr. & Payne, 601.) The plaintiff was not a party to the proceeding before the coroner, was not present, had no opportunity for the cross-examination of the witness, and any question of negligence,—the vital question in this case,—was not the very matter of inquiry before the coroner. The legitimate object of the inquest would have been fulfilled in finding simply that the death of deceased was caused by his being run over by a railroad train, without

inquiry whether it was through any one's, or whose, negligence. We are of opinion the deposition was rightly excluded. In the case of *Cook, Admr.* v. *New York Central Railroad Co.* 5 Lansing, 401, it was so ruled. And see *The State* v. *Turner*, 1 Wright, (Ohio,) ·21, and. note to above. citation from Phillips.

The witness McLaughlin, on direct examination by the defendant, had testified that it was the custom in the yard for section-men to clear the track on the approach of a locomotive. Each section-man was expected to look out for his own safety. On cross-examination the witness was asked whether it was not a custom of the company, or of all companies, to have a foreman with the section-men to warn them of the approach of trains. This question was objected to, objection overruled, and the witness answered: "The foreman can not always be with his men.· He should be with them unless some necessary work calls him away. When the foreman is present, it is customary for him to look out for passing engines, and warn the laborers." The admission of this question is assigned as error. At least as answered, we find no error in permitting the question. It seems to have been proper and pertinent cross-examination.

Refusal to give the following instruction asked by defendant is assigned for error:

"Slight negligence is any negligence which essentially contributes to the injury. Gross negligence is such negligence, only, as evidences a disposition to inflict injury or see it inflicted."

We do not recognize this as a correct definition of gross negligence.

Defendant asked this instruction:

"The jury are instructed that the first duty of the deceased, Thomas Kelly, was to take reasonable care of his own safety, *even though to do so, required his whole time.*"

—Which the court modified by striking out the words in italics, and as thus modified gave the instruction. Objection is taken to this modification. We think the instruction was properly enough modified.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*