Chicago, Milwaukee & St. Paul Railway Company

v.

Frank Staff, Administrator.

*Railroads — Negligence — Failure to Signal—Crossings—Excessive Speed—Ordinance—Finding of Coroner's Jury.*

The verdict of a coroner's jury in a personal injury case, death ensuing, imputing negligence to the defendant, can not be received in evidence against him in an action for the recovery of damages for such death.

[Opinion filed December 14, 1892.]

Appeal from the Superior Court of Cook County; the Hon. Elliott Anthony, Judge, presiding.

This was an action to recover damages arising from the death of one George Staff, a minor, who was struck and killed by a train belonging to appellant, at the intersection of North Halsted and Division streets, in the city of Chicago, in November, 1890.

Among the acts of negligence charged, were that the defendant negligently failed to give due and timely warning, by means of whistles and bells, of the approach of the trains; that the defendant negligently ran its trains at a rate of speed prohibited by the ordinances of the city of Chicago; that the defendant's train was running at an excessive rate of speed, to wit, twenty-five miles an hour.

At the trial the plaintiff was permitted to introduce, over the objection of the defendant, the finding of the jury summoned by the coroner to inquire into the cause of the death of the said George Staff. This finding, among other things contained the following: "And we, the jury, find that the railroad company is responsible, and that the train was running at a fast rate of speed, and that the engineer did not blow his whistle until after the deceased was struck."

The deceased was fourteen years old at the time he was killed.

The defendant asked the court to instruct the jury as follows:

"The court further instructs you that the verdict of the coroner's jury is not to be considered as evidence that the deceased was, at the time of the injury, in the exercise of reasonable care and prudence as charged in the declaration."

And also: "The court further instructs the jury that the finding of the coroner's jury or inquest is not to be considered by you as evidence that the defendant was guilty of the negligence charged in the declaration."

These instructions the court refused to give.

Mr. EDWIN WALKER, for appellant.

Messrs. RICHOLSON, MATSON & PEASE, for appellee.

MR. JUSTICE WATERMAN. The finding of the coroner's jury, introduced in evidence, that the railroad company is responsible, etc., can not have failed to be highly prejudicial to the defendant.

That the conclusions of a tribunal in a matter wherein a party had no opportunity either to influence its determination, or to have prevented his adversary from doing so, ought not to be adduced as evidence against him, seems too clear for discussion.

The first maxim in the administration of the law is "*Audi alteram partem*," or, as expressed in Broom's Legal Maxims, " No man should be condemned unheard."

To permit the conclusions of a coroner's jury, imputing negligence and casting the blame for the death of an individual upon a party who was in no wise, save as one of the human beings of the world, a party to its proceedings, and had neither voice in the selection of the triers nor opportunity to place before them aught that might tend to show his own innocence, is to condemn one unheard, and to violate the most fundamental of all principles applicable to proceedings in courts of justice.

We do not understand that our Supreme Court have authorized the reception in evidence of such verdicts as this, and we look upon the case of P. C. & St. L. Ry. Co. v. Mc-Grath, 115 Ill. 172, as containing an intimation that they are not to be admitted. What is said in Lake Shore & Michigan Southern Ry. Co. v. Taylor, 46 Ill. App. 506, as to the admissibility of the verdicts of coroners' juries, is applicable to this case.

The judgment of the Superior Court is reversed and the cause remanded.

*Reversed and remanded.*