# THE LAKE SHORE & MICHIGAN SOUTHERN RAILWAY COMPANY

## v.

## ELIZABETH TAYLOR, ADMINISTRATRIX.

*Master and Servant—Negligence of Master—Injury to Servant—R. R. Switchman—Duty of Coroner—Secs. 10 and 14, Chap. 31, R. S.—Inquest as Evidence.*

1. A court has no right to intimate to the jury in a given case its opinion upon any fact in dispute.

2. In a personal injury case, death having ensued, the coroner's inquisition is admissible in evidence, and though not conclusive, is com-

patent evidence to be considered by the jury, but the depositions taken upon the inquest are not admissible as evidence.

3.   The expression of belief by the coroner's jury in such case that a certain switch stand was negligently placed, would be extraneous to the province of the inquest, the object thereof being to find the cause of death, and should be controlled by a proper instruction.

[Opinion filed December 14, 1892.]

APPEAL from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding.

Messrs. PLINY B. SMITH and GARDNER & McFADON, for appellant.

Messrs. MONROE & McSHANE and WING & CARTER, for appellee.

MR. JUSTICE SHEPARD.   This was an action to recover damages from appellant for negligently causing the death of Samuel Taylor while he was in its employment as a night switchman.

We refrain from comment upon the evidence, further than to say that the circumstances surrounding the accident were such as required the law to be stated with accuracy to the jury.

The first instruction given at the request of the plaintiff, purports to state to the jury, what, as a matter of law, was the duty of the railway company in the matter of furnishing its servants engaged in switching cars with switch stands safely located or placed, with reference to the car tracks.

The implication from the language of the instruction is very strong, that it was the opinion of the court that the switch stand in question was located too close to the track. Such a conclusion can, under our system, be drawn by the jury alone.   The court is prohibited from intimating to the jury its opinion upon any fact in dispute.

On the trial, the original inquest of the coroner was offered

in evidence by the plaintiff and allowed by the court, over the objection of the defendant. It was as follows:

State of Illinois, } ss.
County of Cook, } An inquisition was taken for the People of the State of Illinois, at 47th and Wentworth avenue, in the City of Chicago, in the said County of Cook, on the 21st and 23d days of May, 1890, before me, Henry L. Hertz, coroner in and for said county, upon view of the body of Samuel Taylor, then and there lying dead, upon the oaths of six good and lawful men of said county, who, being duly sworn to inquire on the part of the people of the State of Illinois, into all the circumstances attending the death of the said Samuel Taylor, and by whom the same was produced, and in what manner, and when and where the said Samuel Taylor came to his death, do say upon their oaths, as aforesaid, that the said Samuel Taylor, now lying dead at 232 Swan street, in the City of Chicago, County of Cook and State of Illinois, came to his death on the 20th day of May, A. D. 1890, at Mercy Hospital, from the effects of injuries received by being knocked off a caboose car by a standing switch in the Englewood yards of the Lake Shore & Michigan Southern Railroad, while switching some caboose cars, and that we, the jury, believe from the evidence, that said switch stand is too close to said tracks to safely allow switchmen to perform their duties.

Sec. 10, Chap. 31, R. S., makes it the duty of the coroner, upon information that the dead body of any person has been found, etc., supposed to have come to his death by violence, casualty or any undue means, to repair to the place where the dead body is, and take charge of the same, and forthwith to summon a jury to assemble, etc., "and upon a view of the body to inquire into the cause and manner of the death."

Sec. 14 provides: "It shall be the duty of the jurors, as sworn aforesaid, to inquire how, in what manner, and by whom or what the said dead body came to its death, and of all other facts of and concerning the same, together with

all material circumstances in anywise related to or connected with the said death, and make up and sign a verdict, and deliver the same to the coroner."

Upon the effect to be accorded by the jury to the concluding part of the inquest, "that we, the jury, believe from the evidence that said switch stand is too close to said tracks to safely allow switchmen to perform their duties," the defendant asked an instruction as follows to be given:

"The court instructs you that the inquest in evidence is no evidence in this case that the switch stand spoken of by witnesses was too close to the tracks of the defendant at the point where they may believe from the evidence the deceased, Samuel Taylor, was injured." But the court refused to give the instruction.

It is no longer a question in this State that the coroner's inquisition is admissible in evidence, and though not conclusive, is competent evidence to be considered by the jury. P. C. & St. L. Ry. Co. v. McGrath, 115 Ill. 172; U. S. Life Ins. Co. v. Vocke, 129 Ill. 557; Gooding, Adm'r, v. U. S. Life Ins. Co., 46 Ill. 307.

The same authorities have established that the depositions taken upon the inquest are not admissible as evidence.

We have quoted all the pertinent sections of the statute in order that it may be seen what is the duty of the coroner's jury, and the extent of their inquiry.

It is said that inquisitions are analogous to proceedings *in rem*, being made on behalf of the public; and that therefore no one can strictly be said to be a stranger to them. But the principle of their admissibility in evidence between private persons, seems to be that they are matters of public and general interest, and therefore within some of the exceptions to the rule in regard to hearsay evidence. 1 Greenleaf on Evidence, Sec. 566. And that they are to be distinguished from other hearsay evidence, in having peculiar guaranties for accuracy and fidelity.

The reason for their admissibility in evidence contrary to the general rule in relation to hearsay evidence being that they are proceedings on behalf of the public, and are

matters of public and general interest, they are only competent within the scope of the statute, which presumably points out the limit of such public and general interest.

An inspection of the statute will fail to reveal any duty imposed upon the coroner's jury to incorporate into their verdict their belief that the switch stand stood too close to the tracks for safety to switchmen.

The public and general interest sought to be subserved by the inquest was satisfied by the proper finding of the jury, that the deceased came to his death by being knocked off the car by a standing switch; but whether that result was caused by the negligent placing of the switch, or by the negligent conduct of the deceased while on the car, in approaching or passing the switch, or in boarding the car in the first instance, was purely a matter of private inquiry between the representative of the deceased and the railroad company. Applicable to this consideration are the remarks of the Supreme Court in P. C. & St. L. Ry. Co. v. McGrath, *supra*, as follows:

" The plaintiff was not a party to the proceeding before the coroner, was not present, had no opportunity for the cross-examination of the witness, and any question of negligence, the vital question in this case, was not the very matter of inquiry before the coroner. The legitimate object of the inquest would have been fulfilled in finding simply that the death of deceased was caused by his being run over by a railroad train."

The expression of belief by the jury that the switch stand was negligently placed, was altogether extraneous to the province of the inquest as prescribed by the statute, and should have been controlled by an instruction such as was sought by the defendant.

The refusal to give the instruction was serious error, and the judgment of the Superior Court will therefore be reversed and the cause remanded for another trial.

*Reversed and remanded.*