## Pittsburgh, C., C. & St. L. R. R. Co. v. Ida Dahlin, Adm'x.

1. Instructions—*Undue Emphasis Objectionable.*—An instruction which singles out and calls attention to certain important matters favorable to one of the parties to a suit, and omits to notice most important evidence given by the opposing party, is objectionable.

2. Ordinary Care—*Time at Which it Must be Exercised.*—In an action for personal injuries based upon the negligence of the defendant, the question submitted to the jury is not so much what the injured person was doing at the "instant" he received the injury complained of, as under what circumstances he came to be at a place where the injury received was at that place and "instant" inevitable, and an instruction which may convey a contrary impression is bad.

3. Practice—*What Papers Jury May Not Take.*—In an action brought by the administrator of a deceased person for negligently causing the death of such person, when the jury retire to consider as to a verdict they should not be allowed to take with them depositions or a plat attached to a verdict of a coroner's jury, called to consider as to the cause of the death of the deceased, nor should any comments of a coroner's jury upon the situation at the place where the injury was inflicted, or the conduct of the defendant, be considered by the jury or taken to its room.

Trespass on the Case.—Death from negligence. Appeal from the Superior Court of Cook County; the Hon. James Goggin, Judge, presiding. Heard in this court at the October term, 1896. Reversed and remanded. Opinion filed November 19, 1896.

George Willard and Richard Prendergast, attorneys for appellant.

Bulkley, Gray & More, attorneys for appellee.

Mr. Justice Waterman delivered the opinion of the Court.

This was an action to recover pecuniary damages sustained by the death of Gustav A. Dahlin, said to have come to his death through the negligence of appellant.

The deceased was killed at the place where appellant's railway crosses Elizabeth street in the city of Chicago.

There was a verdict and judgment for appellee.

It is insisted by appellant, and evidence was given tending to show that the gates prescribed by city ordinance were down when the deceased entered upon the crossing. If those gates were down, as is testified, the deceased had, before he entered upon the crossing, clear warning of the approach of a train.

The following instruction is objectionable, in that it singles out, and calls attention to, certain important matters favorable to appellee, and omits to notice most important evidence given by appellant.

"2. The jury are instructed, as a matter of law, that both the deceased and the railroad company had an equal

right to cross the street at or about where the accident occurred, and that the law imposes upon both parties the duty of using reasonable and prudent precaution to avoid accident and danger; and while it was the duty of deceased to look out for the approach of cars, and observe all reasonable precaution before attempting to cross the track, it was also incumbent upon the railroad company in detaching a car from the train and sending it down alone, over the crossing in question, to place the same in charge and control of some person with the necessary means of stopping the car, or some one at the crossing to warn passengers of the approach of such car, or to use some other equivalent means sufficient to warn passengers on the street of the approach of such car.

And if the jury find from all the evidence in this case, taken together, that the defendant company did fail to use any such precaution to warn passengers on the street, and that the deceased was exercising such care and caution as an ordinarily prudent man would exercise under like circumstances and surroundings, and that his death was caused by being run over by a car of the defendant company, detached from a train of cars and sent across said Elizabeth street crossing, without any such precaution taken by the railroad company to notify him of the approach of such car, then your verdict should be for the plaintiff."

The question submitted to the jury was not so much what the deceased was doing at the "instant he received the injury causing his death," as under what circumstances it was that he came to be at a place where the injury he received was, at that place and "instant," inevitable.

The following instruction was, therefore, misleading :

" 4.    The court instructs the jury that the plaintiff is not required to produce direct and positive testimony showing just what the deceased was doing at the instant he received the injury causing his death; that the law requires only the highest proof of which the particular case is susceptible, and the jury may take into consideration, with other facts, the instincts and presumptions which naturally lead men to avoid injury and preserve their lives."

The jury should not have been allowed to take with them, when they retired to consider as to a verdict, depositions or the plat attached to the verdict rendered by the coroner's jury called to consider as to the cause of the death of the deceased. Nor should any comments of the coroner's jury upon the situation at this crossing, or the conduct of the defendant, have been considered by the jury or taken to its room. L. S. & M. S. Ry. Co. v. Taylor, 46 Ill. App. 506.

The judgment of the Superior Court is reversed and the cause remanded.