614    APPELLATE COURTS OF ILLINOIS.

Roloff v. Luer Bros. Packing & Ice Co., 158 Ill. App. 614.

Henrietta Roloff, Administratrix, Appellee, v. Luer Bros. Packing & Ice Company, Appellant.

1. MASTER AND SERVANT—*when doctrine of assumed risk applies.* A judgment obtained by a servant against his master for personal injuries sustained will not be enforced if the manifest weight of the evidence shows that such servant had assumed the risk of injury from the conditions prevailing which resulted in his injury.

2. CONTRIBUTORY NEGLIGENCE—*when restriction of cross-examination ground for reversal.* It is error for the court to refuse to per-

mit the answering of a question which will tend to establish whether or not the plaintiff's intestate was in the exercise of ordinary care for his own safety.

3. CONTRIBUTORY NEGLIGENCE—*what material upon issue of.* The character of the machinery and the structures at the place of the accident, with their surroundings, the amount of light and the ability of one to see the structures, are all elements which bear upon the question as to whether ordinary care was exercised by the person injured or killed.

4. EVIDENCE—*when coroner's verdict incompetent.* A coroner is given no power by the statute to make a finding on the question of the negligence of either the injured or killed employe or of his employer, with a view to fixing or defeating personal liability ·against the employer. A verdict imputing negligence to the employer is not admissible in evidence against such employer in an action for damages. In this case the verdict in question contained an objectionable finding as follows: "Said crank-shaft and pit was unprotected."

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of Madison County; the Hon. W. E. HADLEY, Judge, presiding. Heard in this court at the March term, 1910. Reversed and remanded. Opinion filed November 12, 1910.

**Statement by the Court.** Appellee as administratrix of the estate of William J. Roloff, deceased, recovered a judgment against appellant in the sum of $5,000 in the lower court for personal injuries alleged to have been caused by the negligence of appellant, resulting in the death of appellee's intestate. Just before noon of May 7, 1908, said William J. Roloff was taking down and removing a scaffold upon which he had been whitewashing the ceiling of appellant's old engine room of its plant. He had removed two planks of this platform and had placed them on the stairway against the north end of the new engine room with a view to taking them to the second story, and had the third one pointing northeast and lying on the granitoid floor in the large sixteen foot doorway connecting said engine rooms. Turning his back to a Ball ice machine then running· about five or six feet east of him, he picked up this third plank and started northeast with it to the stairway; and, walking sideways and backwards, his foot struck the base or guard of the Ball

616    APPELLATE COURTS OF ILLINOIS.

Roloff v. Luer Bros. Packing & Ice Co., 158 Ill. App. 614.

ice machine which caused him to fall and sit down on this base with the plank on his lap. While in this position and before he could arise, the crankshaft of the ice machine struck him on the left side of his neck, killing him instantly and dragging his body into the crank-shaft pit. The old engine room was west of, and adjoining, the new engine room; and at their north ends where the deceased was killed they were partially connected by a large opening about sixteen feet wide and fourteen feet high, made by removing that portion of the east brick wall of the old engine room. Straight west of the Ball ice machine at the distance of about ten feet, and in the old engine room, stood another small ice machine not then running; and straight north of this machine, some five or six feet, stood another small ice machine in the northeast corner of the old engine room and which was not then running. The stairway ran along the north end of the new engine room to the second story, the foot of the stairway being at the north end of the brick wall that was removed for said opening. The northwest corner of the base of the Ball ice machine in the new engine room was about seven feet southeast of the west corner of the old brick wall at the foot of the stairway, the foot of this stairway extending twenty-seven inches south of this point of the old wall, some twenty inches of which at the north end had not been removed. The fly wheel on the east side of the small ice machine to the south was about twelve feet southwesterly from the south corner of the stairway, while the northeast corner of the other small ice machine was about five feet west and a little south of the stairway. The base of the Ball ice machine was of iron and extended about twelve inches above the floor level; and from the west line of this base to the west line of the crank-shaft that struck the deceased, the distance is about twenty-two inches. The deceased had been whitewashing for two or three days in the old engine room on this scaf-

fold about six feet above the floor, over these small ice machines and in plain view of the Ball ice machine which was running all the time; and had been white-washing in the new engine room and various parts of the building for a month or more.

The declaration consists of four counts charging in substance (1) the negligent failure of the defendant to place a guard or railing in front of the crank-shaft and other parts of the machinery to protect Roloff from the danger thereof; (2) that it negligently failed sufficiently to light the engine room; (3) that it failed to furnish sufficient help to aid Roloff in moving his scaffold; (4) that it failed to furnish sufficient space to enable Roloff to remove the plank by the ice machine, whereby he was killed, etc.

WISE, KEEFE & WHEELER, for appellant.

MERRITT U. HAYDEN and C. H. BURTON, for appellee.

MR. JUSTICE DUNCAN delivered the opinion of the court.

Appellant insists on this appeal that this case is wholly without merits, that the deceased knew all about the location of the Ball ice machine and its dangers and assumed the risk by continuing in his employment without complaint. The proof utterly fails to support either the third or the fourth counts of the declaration. The evidence does not tend to show, so far as we can find, that the plank were too heavy for one man to handle. While it does show that there were several obstacles that made the placing of the plank in the stairway somewhat difficult, still it does show that while he had voluntary help to place the first plank, he himself placed the second one with apparent ease and without complaint and did not call for help with it or the third one. There was no evidence introduced as to the weight of these plank, or as to the character of the wood, or as to difficulty in any

way in handling them. The defendant asked the only question bearing on this subject, to-wit: "What difficulty if any, is there in putting a board of this size in this space and putting it on to those stairs?" This question was asked of a witness who had done this work and the plaintiff's objection to this question being sustained by the court, it was not answered. The Ball ice machine is a large machine some twenty feet or more long, is a permanent structure in that building, not built with any view to passages around it for passing it with lumber, but with a view to manufacturing ice. For its purpose and uses it has plenty of space all around it for safe passage and there is no ground for complaint in that regard as charged in the fourth count. It could be plainly and easily seen by Roloff from the scaffold where he was whitewashing in the old engine room, and from any place in the space between the machines where the plank was picked up by him, according to the undisputed evidence of all the witnesses testifying on that subject. All the witnesses, some four or five, except one, testify that the new engine room and the Ball ice machine were well lighted by a large skylight above and south of it, and by one north of it, and by a hole in the north wall of this room, and by a window in the old engine room to the west. Some say that it is light enough there to read the fine print of a newspaper and another expresses it that a nickel could be dropped and sighted and picked up anywhere about the machine. The architect read his rule and took the measurements there by this natural light. The floor is perfectly level and smooth all about there. The evidence discloses that the deceased had worked all about the plant there at whitewashing for a month or more, and passed this machine that killed him many times a day in going back and forth, dressing and undressing and mixing his whitewash for use. The only trouble about the evidence in this particular is that it does not dis-

close how close by it he passed, nor at what parts of it he passed. One witness testifies that on the day Roloff was killed it was a dark, cloudy day; and that on such days and on that day it was dark and gloomy around this machine, and the parts of it could not be readily seen. If this is true one could not readily see the wide iron base that tripped the deceased into the pit when he was killed; and how well the deceased was acquainted with the machine before that would be a considerable factor in determining the questions of contributory negligence, assumed risk, etc. The most that can be said in behalf of the plaintiff is that there was sufficient evidence to go to the jury with the first two counts of the declaration. If the evidence showed clearly that he had been frequently close by this crank-shaft and base of the machine so that he must have been familiar with their construction, we would be compelled to say that the manifest weight of the evidence showed that he assumed the risk, for to see this structure and machinery is equivalent to knowledge of its dangers to one of ordinary intelligence. But as the case will have to be tried again we will not further discuss the merits of the case.

The court erred in its rulings on the evidence. John Schuppe, a witness for the plaintiff, testified in detail about the movements of the deceased and how he got hurt. He was asked on cross examination, "And there was no difficulty in seeing the engine there, was there." The court sustained an objection to this question. The witness' evidence in chief bore largely on the movements of the deceased and necessarily on the question of his due care for his own safety. The character of the machinery and the structures there with their surroundings, and the amount of light and the ability of one to see these structures, all shed light on the question of due care, and the court erred in sustaining this objection. The court admitted over the objections of the defendant the coroner's verdict, to wit;

"That he (Roloff) came to his death on 7th day of May, 1908, at Luer Bros. Packing & Ice Company's plant, by falling backward in a crank-shaft pit of the Ball ice machine in said company's plant. Said crank-shaft and pit was unprotected." The coroner is given no power or authority by statute to make a finding on the question of the negligence of either the deceased or of his employer, with a view to fixing or defeating personal liability against the employer for his death. Such a verdict imputing negligence to the defendant is not admissible in evidence against such defendant in an action for damages for such death. Cox v. Chic. & N. W. R. R. Co., 92 Ill. App. 15; Chic. M. & St. P. R. R. Co. v. Staff, 46 Ill. App. 499; Callaway v. Spurgeon, 63 Ill. App. 571.

The effect of the last sentence of said verdict was to impute negligence to the defendant in failing to protect the crank-shaft and pit, and that part of the verdict should not have been read to the jury. The instruction to disregard it did not in our judgment remove the effect of this finding by the coroner's jury. This evidence was directed to the vital points of the case and was of such a character as to be a controlling factor in the making of the verdict of the jury.

For the errors indicated the judgment of the lower court is reversed and the cause will be remanded for further proceedings.

*Reversed and remanded.*