## Henrietta Roloff, Administratrix, Appellee, v. Luer Bros. Packing & Ice Company, Appellant.

1. NEGLIGENCE—*material questions on vital issues all for jury.* Where plaintiff's intestate, while engaged in painting the inside of a packing plant, tripped on an iron plate, and was in consequence caught by a fly wheel in a crank pit and killed, the questions as to negligence in faulty construction of the machinery, in failure properly to guard or light the same, or in protecting persons rightfully coming in contact therewith, the acquaintance of deceased with the danger in connection with such machinery, and assumption of risk and contributing negligence on his part, are all for the jury, and this court will not say, there being no case of hazardous employment, and no errors appearing in the record, where the employment of deceased did not require him to be near the engine, and where all reasonable minds would not come to the conclusion that deceased was guilty of contributory negligence, that a verdict and judgment under a count, charging faulty construction is error.

2. MASTER AND SERVANT—*obvious danger.* A servant is regarded as voluntarily incurring the risk resulting from the use of defective machinery if the defects are as well known to him as to the master.

3. CONTRIBUTORY NEGLIGENCE—*obvious danger.* To see the structure of machinery is equivalent to knowledge of its dangers to a person of ordinary intelligence.

4. PRACTICE—*directing verdict.* If the evidence, introduced by plaintiff, when taken to be true, together with all its legitimate inferences, tends to support the cause of action, the case should be submitted to the jury.

McBRIDE, J., dissenting.

Appeal from the Circuit Court of Madison county; the Hon. LOUIS BERNREUTER, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed April 23, 1913. Rehearing denied May 29, 1913.

WISE, KEEFE & WHEELER, for appellant.

MERRITT U. HAYDEN and C. H. BURTON, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This is a suit brought by appellee as administratrix of the estate of her deceased husband, William J. Roloff, against appellant to recover damages for alleged negligence resulting in the death of her intestate.

The accident which resulted in the death of William J. Roloff, occurred on the seventh day of May, 1908. At that time the deceased was employed by the appellant to paint and whitewash the interior walls and ceilings of its packing and ice manufacturing plant in the city of Alton. He had been so engaged for about three or four months prior to his death. Appellant's plant is quite extensive, having a number of departments. Among the departments is one for machinery and this is divided into what is designated by the witnesses in the case as the old engine room and the new engine room. The size of the old engine room is about thirty feet long by thirty feet wide, and the new engine room is about sixty feet long and thirty feet wide. Immediately before the accident the deceased was taking down and removing a scaffold upon which he had been whitewashing the ceiling of appellant's old engine room. He had removed two planks of this platform and had placed them on the stairway at the north end of the engine room preparatory to taking them to the second story, and the third plank lying on the granitoid floor at a large sixteen foot doorway connecting the old and the new engine rooms. In the new engine room is what is called a Ball ice machine. The engine was about twenty feet long extending north and south. The fourteen foot fly wheel was located between the engine and the east portion of the ice machine. The crank shaft operated on the west of the fly wheel and directly

underneath the crank shaft was the crank shaft pit. The bottom of the engine sat flush with the floor of the new engine room. Along a portion of the west side of the engine extended a solid cast iron bed plate of the engine at a height of about twelve inches from the floor. This plate at the south end of the engine rose to the height of about four and one-half feet. The bed plate was about twenty-two inches west of the line of the crank shaft. When the deceased picked up the third plank and was moving backwards in his attempt to place the plank on the stairway, his foot struck against the iron bed plate, causing him to trip and fall backwards in a sitting position on the top of the bed plate with the plank across his lap, and while in this position the revolving crank shaft struck him and dragged him into the pit, and instantly killed him.

There were four counts in the declaration.

The first count charged the negligence of the defendant in failing to construct or place a guard or railing in front of the crank shaft and other parts of the machinery;

The second; that it failed to have the engine room sufficiently lighted;

The third; that the defendant failed to furnish sufficient help to aid the deceased in moving the scaffold;

The fourth; that the deceased was ordered and directed by the appellant to carry certain planks to a certain engine room and while deceased was attempting to carry out the orders of the appellant he came in contact with the moving machinery of the ice machine and was thereby killed.

The trial of this case resulted in a judgment in favor of appellee for $6,247.22. This case was before us on appeal from a former judgment in favor of appellee for $5,000, and was on the 12th day of November, 1910, reversed and remanded (158 Ill. App. 614) because of certain errors appearing in the record in the admission of evidence. On a retrial of the case the judgment resulted as above stated, and the appel-

lant prosecutes this appeal and again urges reversal of the judgment of the trial court.

Appellant insists that the evidence in this case is wholly insufficient to warrant the verdict and uphold the judgment against it. There was no proofs even tending to support the allegations of the third and fourth counts in the declaration. The third count charging that appellant failed to furnish deceased with sufficient help to remove the scaffolding fails because the evidence does not show that any help was needed, requested or required. The fourth count charging that the deceased was ordered and directed by one of the officers of the appellant to carry the planks fails for want of evidence to show that any order was given through any officer or any one authorized to give orders and directions for the appellant.

Whether it was negligence on the part of appellant to fail to protect people rightfully passing near to the crank shaft, from coming in contact therewith and being injured was a question to be submitted to the jury.

Was. it negligence in appellant in having such a construction at that place where dangerous machinery was operated? Under the rule that where the evidence fairly tends to support the allegations of the declaration the court is required to submit the case to the jury to determine the fact.

The first count must be held to have been sustained by the evidence unless the court can say that the verdict of the jury is so manifestly against the weight of the evidence that all reasonable minds would reach the conclusion that it was so, this court would not be authorized to interfere with the verdict and judgment. There was also evidence tending to show that there was an insufficient lighting of the engine room as charged in the second count of the declaration. Here there was quite a conflict in the evidence. Witnesses for appellee gave sufficient testimony to show a failure to have the engine room properly lighted, if their

evidence is worthy of credence. On the part of appellant, its witnesses testified to enough facts to show that the place was well lighted if their evidence was worthy of credence. As to where the truth of this matter rested it was the duty of the jury to find and unless their finding appears to be manifestly against the weight of the evidence, it will be upheld.

When this case was before this court on appeal from the former judgment and was reversed and remanded, we held there was sufficient evidence to go to the jury as to the first two counts of the declaration. We then said: "If the evidence showed clearly that he [deceased] had been frequently close by this crank-shaft and base of the machine so that he must have been familiar with their construction, we would be compelled to say that the manifest weight of the evidence showed that he assumed the risk, for to see this structure and machinery is equivalent to knowledge of its dangers to one of ordinary intelligence." *Roloff v. Luer Bros. Packing & Ice Co.*, 158 Ill. App. 614.

The statement then made is correct in reasoning now as it comes to us for the second time. It was purely a question under the evidence for the jury to say whether the deceased could by the exercise of ordinary care have seen the bed plate or iron base, which tripped deceased and caused him to fall into the pit, and also how well the deceased was acquainted with the machine and its surroundings, prior to the time of the accident. All of these facts were material in determining the question of contributory negligence and assumed risk. In a general way deceased may have known the engine was there. He had been passing through or near to the engine room a sufficient number of times to have somewhat of a general knowledge of the location of the engine. Were his duties such as to bring him so near to the crank pit that he would become familiar or should have been familiar with its surroundings?

These were the very material questions which were presented to the jury and the answer to which the jury gave adversely to the contention of appellant. This court cannot say as a matter of law when all of the evidence is considered that the deceased was familiar with the location of the bed plate.

Counsel for appellant insist that this case should be reversed for the reason that the deceased knew of the location of the engine or at least had an opportunity to know of it, and that he assumed the risk which might result from the particular construction of the engine base.

A number of cases are cited by appellant where the doctrine of assumed risk is discussed. Among them is the case of *Chicago & E. I. R. Co. v. Geary,* 110 Ill. 383, where the court said: "The rule is, as contended by counsel for appellant, namely, where an employe, after having the opportunity to become acquainted with the risks of his situation, accepts them, he cannot complain if he is subsequently injured by such exposure. One may, if he chooses, contract to take the risks of a known danger." Another case cited was that of *Chicago Drop Forge & Foundry Co. v. Van Dam,* 149 Ill. 337, where it was said: "As a general rule, the servant will be regarded as voluntarily incurring the risk resulting from the use of defective machinery, if its defects are as well known to him as to the master."

The case at bar however is easily distinguished from the cases cited, since it appears from the evidence that the deceased was not employed to work with or near to the engine and crank pit. His employment did not require him to be near the engine. There is no contention of defective machinery. It is not a case of hazardous employment. The contention of appellee is grounded on the faulty construction of the base plate in not being of sufficient height to serve as a guard rail for the protection of persons passing along

and near by the engine from falling into the crank pit and receiving injury, and that its height and location rendered it an obstruction.

Where contributory negligence is relied on to defeat an action the question is usually one for the jury. It becomes one of law only in cases where reasonable men in the light of all of the facts and circumstances proven on the trial and all reasonable inferences to be drawn therefrom would reach the conclusion that the injured party had negligently contributed to such injury. *Mueller v. Phelps*, 252 Ill. 630; *Illinois Cent. R. Co. v. Anderson*, 184 Ill. 294.

One of the contentions of appellant arises on the denial of the motion made to direct a verdict for the defendant. In consideration of such a motion courts are not authorized to pass on the credibility of the witnesses, nor the weight of the evidence. "If the evidence introduced on behalf of defendant in error, when taken to be true, together with all its legitimate inferences, tends to support the cause of action, then it was properly submitted to the jury." *Waschow v. Kelly Coal Co.*, 245 Ill. 516; *Libby, McNeill & Libby v. Cook*, 222 Ill. 206.

The material facts in this case have been presented to two juries and each time the jury has found in favor of the plaintiff. Each verdict has had the sanction of the judge who tried the case. No question of law arises on this record requiring a reversal. No errors appear in the record in the admission of evidence or the giving or refusing of instructions which can be held prejudicial to the defendant. The case was fairly submitted on the vital issues of fact and there is evidence which fairly tends to uphold the contention of plaintiff as set forth in the first and second counts of the declaration.

The judgment of the trial court will therefore be affirmed.

*Affirmed.*

MR. JUSTICE MCBRIDE dissents.